158 So. 317

**Ex parte STATE ex rel. KNIGHT,**
Attorney General.
3 Div. 119.

Supreme Court of Alabama.
Dec. 20, 1934.

Rehearing Denied Jan. 3, 1935.

⚖️ For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Thos. E. Knight, Jr., Atty. Gen., A. A. Carmichael, Asst. Atty. Gen., Hugh Reed, of Centre, Claud D. Scruggs, of Guntersville, and Scott & Dawson, J. A. Johnson, Haralson & Son, J. V. Curtis, Baker & Baker, and I. M. Presley, all of Fort Payne, for petitioner.

John B. Isbell, of Fort Payne, and Oliver D. Street, of Guntersville, for respondent.

KNIGHT, Justice.

The petition in this case is for writ of prohibition, and was filed in this court by Thomas E. Knight, Jr., as Attorney General of Alabama, and others, but was subsequently amended by making the state of Alabama, on

relation of Thomas E. Knight, Jr., as Attorney General of the State of Alabama, the petitioner.

The petition prays for the issuance by this court of a writ of prohibition to restrain Hon. Walter B. Jones, judge of the Fifteenth Judicial circuit of the state of Alabama, from assuming jurisdiction of, and hearing, the petition of one S. W. Pope, sheriff of De Kalb county, who seeks his discharge from custody in a contempt proceeeding under writ of habeas corpus.

It appears from the record that the said S. W. Pope was, and is, sheriff of De Kalb county, and that upon a contempt proceeding, instituted in the circuit court of De Kalb county, and before Hon. A. E. Hawkins, the judge of said court, the said Pope was adjudged guilty of contempt of court, in refusing to obey a mandate of said court, directed to and received by him. It is conceded by the respondent, in brief, that Pope was imprisoned under sentence of the circuit court of De Kalb county, and that Judge Jones was not the "nearest" judge within the meaning of section 4310 of the Code; it being contended, however, that section 4311 of the Code applied to the case.

The ground, as argued here, upon which said Pope prayed to be discharged on habeas corpus, was that the sentence of imprisonment, imposed upon him in the contempt proceedings, was void.

The state takes the position that the circuit court of De Kalb county had jurisdiction of the subject-matter involved in the proceedings, and had, at the time the respondent judge issued the writ of habeas corpus, jurisdiction of the person of the said Pope; he being at that time imprisoned in the county jail of De Kalb county, and in the custody of Hon. John Baxter, as coroner of said county, and under said sentence, and under the control of the court imposing the sentence.

■■ It is firmly established in this jurisdiction, at least, that, in a case of the kind now before us, the petition for habeas corpus is in the nature of a collateral attack upon the judgment or order of the circuit court of De Kalb county, a court whose judge has co-ordinate powers with the judge of the Fifteenth judicial circuit. It would, therefore, necessarily follow that the respondent judge would have no power or authority to question the orders or judgment of the circuit court of De Kalb county upon habeas corpus, except in the event that the said court, or the judge thereof, had no jurisdiction to act in the premises, or to render the judgment, or to issue the order in question, or except for some act, omission, or event transpiring subsequent to the sentence entitling the petitioner to his discharge. State ex rel. Atty. Gen. v. Speake, Judge, 187 Ala. 426, 65 So. 840; Fourment v. State, 155 Ala. 109, 46 So. 266; Sneed v. State, 157 Ala. 8, 47 So. 1028.

To entitle one to his discharge from imprisonment under such judgment, it (the judgment) must be void for lack of jurisdiction, or for excess of jurisdiction on the part of the court rendering the same. Sneed v. State, supra.

■ We are not here concerned with any irregularities that may have occurred in the proceeding culminating in the judgment and sentence, nor with the question of the disqualification, vel non, of Judge Hawkins, by reason of being a candidate at the election mentioned in the proceedings. To cure such errors or irregularities, a proper procedure is provided by law. Such irregularities cannot be corrected by habeas corpus.

Section 4331 of the Code provides: "No court, or judge, on the return of a writ of habeas corpus, has authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted, or into the justice or propriety of any commitment for contempt made by a court, officer, or body, according to law, and charged in such commitment."

This statute, properly construed, means that if the petition for habeas corpus discloses on its face that the defendant is detained in custody upon a commitment for contempt, the court will not issue the writ, unless the facts averred in the petition show that the court pronouncing the judgment of contempt had no jurisdiction to pronounce the sentence, or that he exceeded his jurisdiction, or that by reason of subsequent happenings the petitioner has become entitled to his discharge.

The foregoing statements of law have direct bearing upon the solution of the question now before us.

■■ Objection is made both by demurrer and motion to strike that the petitioner did not apply to the judge who issued the habeas corpus writ "for relief" before filing the petition for prohibition.

Along with the demurrer the respondent judge filed an answer to the rule nisi issued here. The effect of this answer upon this particular ground of demurrer and motion, we shall now consider.

516

Undoubtedly the general rule obtaining in many jurisdictions would seem to require that, before resort is had to the extraordinary writ of prohibition, application should ordinarily first be made to the court, or judge, for relief. This general rule has been applied here.

But the courts generally recognize that this rule, like many other rules, has its exceptions. The exception is thus stated in 50 Corpus Juris, § 98, p. 697: "The rule is not jurisdictional but one of discretion, and, in its application, is subject to exceptions. Thus it has been held inapplicable to ex parte proceedings; or to proceedings in which applicant for the writ had no opportunity to object; *or where it is apparent that an objection to the lower court would have been unavailing and futile, or would result in unnecessary, or hurtful delay.* * * *" (Italics supplied.)

■ The answer of respondent made to the rule nisi issued from this court fully demonstrates that it would have been a vain and useless thing, and a waste of time and energy, for the petitioner here to have first applied to him to recede from his action in issuing the habeas corpus writ. We are at this conclusion, for it abundantly appears from the respondent's answer that he was fully convinced not only at the time he issued the writ, but is still so convinced, that the judgment and sentence imposed by Judge Hawkins upon Pope were an absolute nullity, *and that he had the power to supervise the action of Judge Hawkins in adjudging Mr. Pope in contempt of court.* Being so impressed then, and still holding to such views as appears from his answer on file, it is not to be supposed that the respondent, on the application of this petitioner, or of any one else, would have receded from the position taken by him.

Therefore, we are of the opinion, and so hold, that the petition is not defective in not showing that application for relief had been made to the respondent judge, before application was here made for the writ of prohibition. We have no criticism to make of the decisions of this court which hold that the petition for prohibition should show ordinarily that application had been made, without avail, for relief to the court whose actions were complained of.

In those cases the court was pronouncing upon the general rule, and was not considering the exception. The exception to the rule noted above is recognized by the courts of many states, and we think the same is sound.

See authorities cited in note 8 to section 98, page 697, vol. 9, Corpus Juris.

It is also doubtful whether the rule applies at all in matters affecting the public at large. There are many cogent reasons why it should not. However, the exigencies of this case do not require us to decide the question in this case.

The case of State ex rel. Davis, Atty. Gen., v. Curtis, Judge, 210 Ala. 1, 97 So. 291, would seem to indicate that such preliminary notice, in such cases, is not necessary; the law under such circumstances standing in lieu of the demand. See, also, State ex rel. City of Mobile v. Board of Revenue, 180 Ala. 489, 61 So. 368. While these two last-mentioned cases dealt with notice in mandamus cases, yet there is striking analogy between the preliminary notice required in cases involving the writ of prohibition and the notice required in mandamus cases.

The demurrer to the petition, and the motion to strike the same, are without merit, and each is overruled.

The petition, answer of respondent thereto, and the facts presented by the record are sufficient, in our opinion and judgment, to justify us in passing upon this case upon its merits, which we will do.

■ Judge A. E. Hawkins was judge of the circuit court of De Kalb county at the time he issued the mandamus to the election officers, in charge of the absentee ballot box in De Kalb county, requiring them to make a true and correct certificate of the result of the count of the absentee ballots delivered to them by the judge of probate of said county, and, at the same time, and in the same order, restraining the election board, to wit, S. W. Pope, sheriff, V. W. Scott, clerk of the circuit court, and G. L. Malone, judge of probate of De Kalb county, from declaring the result of the election held on November 6, 1934, in De Kalb county, until the managers and clerks of said absentee ballot box had complied with the said writ of mandamus.

That the circuit courts are clothed by statute with the power to issue writs of mandamus, prohibition, and other remedial writs of a supervisory nature, there is no question. This power is expressly conferred upon such courts by section 8978 of the Code. When proper cases arise, the court is clothed with full power to act, and, of course, in the exercise of this jurisdiction, it has, as a necessary incident thereto, the power to make such incidental orders, as may be necessary to maintain its jurisdiction and to effectuate

its final judgments. To hold otherwise would in some cases result in a defeat of its jurisdiction, and render any judgment it might enter unenforcible.

■ That the duties of election boards, and inspectors of elections, are purely ministerial, we entertain no sort of doubt. This court has so held from an early date. Leigh v. State ex rel. O'Bannon, 69 Ala. 261; Hudmon v. Slaughter, 70 Ala. 546.

■ We are further of the opinion that, being officers whose duties were purely ministerial, they were subject to mandamus, to require the performance of their duties. Green v. Adams, 119 Ala. 472, 24 So. 41; Hudmon v. Slaughter, supra; Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845.

■ It must be understood, of course, that the writ of mandamus was not invoked to contest the election, as was in effect the case in State ex rel. Harmon v. Hamil et al., 97 Ala. 107, 11 So. 892. On the contrary, the writ was sought to require the performance by the election inspectors, in charge of the absentee ballots, of a clear, legal, and mandatory duty. To that end, they were clearly subject to be coerced by a properly directed writ of mandamus, issued by a court of competent jurisdiction. The circuit court of De Kalb county was such a court.

■ Suggestion was made by counsel for respondent, when the case was argued, that the petition for the writ of prohibition did not set forth in terms the petition filed for habeas corpus, nor did it attach a copy thereof, as an exhibit to the petition for the writ of prohibition, and that the petition was therefore defective in this respect. Prima facie, the matters involved in the habeas corpus proceedings were within the jurisdiction of the circuit court of De Kalb county, and, prima facie, not within the jurisdiction of circuit court of the Fifteenth judicial circuit of Alabama, the judge of which resided more than two hundred miles distant, with upward of twenty competent circuit judges residing nearer to Fort Payne, the county seat of De Kalb county. Nevertheless, the respondent, in answer to the rule nisi calling on him to show cause why he should not be prohibited from hearing the writ, does not bring forward the proceedings before him, including a copy of the petition filed with him. In the absence of such proceedings incorporated in the respondent's answer, it will rather be assumed here that the proceedings before him do not show want or lack of jurisdiction in the circuit court of De Kalb county, as appears prima facie at least from exhibits to the application for the writ of prohibition. The above observation, we think, sufficiently disposes of the suggestion of counsel for respondent that the petition filed here should have set forth either in its body, or by way of exhibit, the petition filed with the respondent judge.

In the case of State ex rel. Martin, Attorney General v. Gunter, 16 Ala. App. 293, 77 So. 443, the court was dealing with a case in which the circuit court of Colbert county had surrendered its custody of a prisoner to the penitentiary authorities of this state under a void sentence. The prisoner had been delivered to the convict transfer agent, and by him committed to the custody of the sheriff of Montgomery county. The court properly, in that case, held that the judge of the Fifteenth judicial circuit (the circuit of which Montgomery was a part) had jurisdiction of a habeas corpus proceedings; no further steps having been taken by the court imposing the sentence to regain the custody of the prisoner at the time the petition for habeas corpus was filed. That case is entirely different from the one now before us. The Court of Appeals made it clear that it rested its holding upon the ground that the sentence imposed by the Colbert county circuit court was void, and that the last-named court had lost custody of the prisoner.

In the case of Ex parte State ex rel. Attorney General, 150 Ala. 489, 43 So. 490, 491, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79, this court, speaking through Tyson, C. J., said: "It is undoubtedly true that prohibition is an extraordinary legal remedy, and can only be resorted to in cases of usurpations of jurisdiction or power by an inferior court, or when, in the exercise of jurisdiction in handling matters clearly within its cognizance, the inferior court transgresses the bounds prescribed to it by the law: 2 Brick. Dig. p. 389, § 1 et seq. It is also true that this remedy cannot be resorted to when an appeal will lie for the correction of errors committed upon the hearing of a cause. But, if the want of jurisdiction is disclosed on the face of the petition, then the writ of prohibition will be awarded, notwithstanding the respondent may have jurisdiction to issue writs of habeas corpus in proper cases. Ex parte Hill, 38 Ala. 429; Ex parte Walker, 25 Ala. 81; Ex parte Smith, 23 Ala. 94. In other words, when it clearly appears that the inferior court has no jurisdiction of the subject-matter or of parties to the legal controversy, a writ of prohibition is the remedy. 16 Ency. Pl. & Pr.

p. 1110, and note 2. And obviously, when this is the case, if the proceeding should be permitted to go to judgment such judgment would not support an appeal, because it would be coram non judice. Ex parte Lyon, 60 Ala. 650; Pettus v. McKinney, 56 Ala. 41; David's Adm'r v. David, 56 Ala. 49."

This court held in the case of Ex parte State ex rel. Attorney General, supra, that the circuit court of Cullman county had not surrendered its custody of Williams, the convict, by committing him for safe-keeping to the jail of Jefferson county, but still retained its custody of him for the purpose of enforcing its judgment and sentence of death; that Judge Weaver, a judge of the Jefferson criminal court, had no jurisdiction to grant a writ of habeas corpus to determine the mental status of the defendant, it being alleged that he became insane after his conviction, and the writ of prohibition was awarded.

In Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am. St. Rep. 107, it appears that Roberson sued out a writ of habeas corpus after conviction, alleging his unlawful confinement in the county jail by virtue of a void judgment. This court, after ascertaining that the judgment of conviction was valid, said: "The defendant being legally held in custody under proceedings in a court having jurisdiction of his person, and of the offense with which he was charged and has been convicted, the circuit judge properly refused to issue the writ, and here, also, it will be denied."

█ It is also insisted that the circuit court had no authority to restrain or prohibit the board of canvassers from meeting pursuant to law, to canvass and make a certificate or declaration of the result of the election, and that Pope was within his right in refusing to obey the writ issued by the court.

It has been noted that the court, in issuing the writ of mandamus, had ordered the named election inspectors to count the absentee votes which had been delivered to them. This the court confessedly had the right to do.

Every court has the inherent right, as heretofore stated, to make and enforce any and all necessary orders to protect its jurisdiction, and to make its judgments effective when made. Otherwise, in many cases, the purposes for issuing writs of mandamus might be entirely defeated. Therefore, the circuit court, after having ordered the inspectors to make a count of all absentee ballots, and properly certify the same to the board of canvassers, as an incident to its power to require action on the part of the inspectors, had the authority to require the canvassing board to desist from canvassing the returns until complete returns were delivered to them. To hold otherwise, would render nugatory and ineffectual the writ directed to the inspectors.

█ We are further of the opinion that it is wholly immaterial, from the viewpoint we take of this case, whether Judge Jones was, or was not, the nearest circuit judge. In no event did he have jurisdiction to issue the writ of habeas corpus; that in doing so, he transcended his authority, and undertook to hear a matter which was not within his jurisdiction.

█ Pope, on the hearing of the contempt proceedings, admitted service of the court's order, and that he disobeyed it, professing, however, no ill will toward the judge of the court who made the order, but suggesting that he acted on advice of counsel. Such advice cannot shield him from the consequences of an act deliberately done, in violation of the order of a competent tribunal.

However, our position in dealing with this case, as presented on this hearing, must not be misunderstood. We are here dealing with the extrinsic validity of Judge Hawkins' judgment, and the right of the respondent judge to supervise that judgment. With errors or irregularities, if any, that may have intervened, but which do not affect the extrinsic validity of the judgment of the De Kalb county circuit court in sentencing Mr. Pope to imprisonment, we are not now concerned. If there are such errors or irregularities, *they must be presented here for review in another mode.*

█ The insistence, that the court, in fixing Pope's imprisonment, exceeded its jurisdiction, is without merit. The court has the right to continue the imprisonment until Pope purges himself of his contempt. Ex parte Dickens, 162 Ala. 272, 50 So. 218.

There are no other questions of merit presented for our consideration. However, we have examined all questions presented by the record.

It follows that the writ of prohibition prayed for will be issued.

Let the writ of prohibition be awarded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.