46 So.2d 420

**DONAHOO, Mayor v. ST. JOHN.**

**7 Div. 49.**

Supreme Court of Alabama.

May 11, 1950.

W. A. Weaver, of Pell City, for appellee.

Embry & Embry, of Pell City and T. Eric Embry, of Birmingham, for appellant.

SIMPSON, Justice.

This appeal questions the propriety of an order of the circuit judge of St. Clair County, making absolute an alternative writ of prohibition directed to the appellant, C. W. Donahoo, as mayor of the town of Ragland, Alabama, prohibiting and restraining him as town recorder from proceeding further in a certain quasi criminal case wherein Tillman St. John, appellee, was charged with violating an ordinance of said town.

The facts are: St. John was arrested by one of the city policemen on a charge of violating a liquor prohibition ordinance of the town and thereafter plead guilty in the recorder's court and was assessed a fine and costs in the amount of $25.50. By agreement of St. John to pay the fine, presumably in installments, he was released and thereafter on February 9, 1949, he paid the sum of $7.50 and on May 23, 1949, the sum of $5.00 on said judgment. On his refusal to make any further payments, he was arrested and put in jail on the order of the mayor and was notified by the mayor that the case would be reopened and would be retried on the same charge, and the cause for this consideration was set for hearing October 10, 1949. On the basis of these facts, the circuit judge, on the petition of St. John, issued the rule nisi to appellant to appear and show cause why he should not be prohibited from so proceeding against St. John and on a final hearing entered judgment making the injunction absolute and prohibiting the mayor from so proceeding.

Concededly, the mayor was attempting to proceed without authority of law and his recorder's court was without jurisdiction to reopen the case for another

trial and punishment of the offender or to take any further action toward the rendition of any other judgment than that theretofore rendered. Eddins v. Popwell, 33 Ala.App. 239, 35 So.2d 47, certiorari denied 250 Ala. 453, 456, 35 So.2d 50.

This want of jurisdiction does not seem to be here controverted, but the contention is (1) that the writ was prematurely issued and that predicate to its issuance was an objection by the defendant in the inferior court and a ruling there on the question of jurisdiction, and (2) that petitioner had an adequate remedy by appeal should the mayor have ruled adversely to him on the matter of jurisdiction. Our view is that neither contention can be sustained.

 True, as a general rule, the writ will not issue to an inferior court unless the lack of jurisdiction has been brought to the attention of that court and a ruling on the question invoked. Ex parte Cox, 230 Ala. 656, 162 So. 670; Greenwood v. Abernathy, 228 Ala. 26, 152 So. 33; Hill v. Tarver, 130 Ala. 592, 30 So. 499; Ex parte Montgomery Light & Traction Co., 187 Ala. 376, 65 So. 403; Goodwin v. McConnell, 187 Ala. 431, 65 So. 788.

But there are recognized qualifications or exceptions to this general rule. It is declared by a majority of the courts that the rule that the matter must first be brought to the attention of the inferior court for a ruling as a predicate for the issuance of the writ is not rigid or arbitrary in its application, but is a rule of courtesy to be applied in the discretion of the superior court, on the principle that the matter of judicial courtesy should yield to substantial personal rights of litigants. 42 Am.Jur. 173, § 39; Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317, citing 50 C.J., § 98, p. 697. An illuminating annotation appears in 35 A.L.R. 1090 et seq.

This court has recognized one such qualification or exception where it is apparent that objection to jurisdiction would have been unavailing or would result in unnecessary or hurtful delay, or where applicant for the writ had no opportunity to object. Ex parte State ex rel. Knight, supra. See also Board of Education v.

Holt, 54 W.Va. 167, 46 S.E. 134, 35 A.L.R. 1094.

It very clearly appears from the record that the case at bar is within this exception, since to have objected would have been futile. He had already objected informally and appellee's counsel had informed the recorder that any action regarding any further trial of the defendant would be void, yet the recorder persisted in pursuing his stated purpose by setting the case for hearing. We hold, therefore, on authority of the Knight case, supra, that the remedy was available to appellee without formally raising the question on a hearing before the recorder.

It is also manifest that prohibition and not appeal was the remedy, the want of jurisdiction being apparent on the face of the proceedings. Ex parte State ex rel. Attorney General, 150 Ala. 489, 497, 43 So. 490, 10 L.R.A., N.S., 1129, 124 Am.St. Rep. 79; Ex parte State ex rel. Knight, supra, 229 Ala. 517, 158 So. 317.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.