112 So.2d 443

**Ex parte Herndon H. WILSON, as Recorder of the City of Mobile.**

**Herndon H. WILSON, etc.**

**v.**

**Hubert M. HALL, as Judge of the Circuit Court of Baldwin County.**

**I Div. 788.**

Supreme Court of Alabama.

May 28, 1959.

Fred G. Collins, Mobile, for petitioner.

Caffey, Gallalee & Caffey, Mobile, and Wilters & Brantley, Bay Minette, for respondent.

COLEMAN, Justice.

Petitioner, as Recorder of the City of Mobile, has applied to the Supreme Court for writ of prohibition, or other appropriate writ, to be directed to respondent, the Judge of the Circuit Court of Baldwin County.

The sworn petition recites: that the City of Mobile is a municipal corporation "located entirely within the limits of Mobile County;" that one Emanuel Clikas was tried before petitioner and convicted for violating ordinances of the City of Mobile by doing business within the police jurisdiction of that city, but outside the corporate limits thereof, without procuring privilege licenses required by said ordinance; that subsequent to his convictions, Clikas filed appeal bonds, " * * * made returnable to the Circuit Court of Baldwin County, Alabama, and based solely upon this fact said bonds were denied by petitioner;" that subsequently, Clikas applied to the Circuit Court of Baldwin County for writs of mandamus to order petitioner to approve the appeal bonds mentioned above or to appear and show cause why he should not do so; that respondent ordered the alter-

native writs to issue as prayed; and that by issuing the aforesaid writs respondent undertakes to exercise judicial power not conferred on him by law.

The petition filed here prays that this court will order respondent to refrain from proceeding further in the mandamus actions filed by Clikas, or to show cause why he should not do so. This court issued the rule nisi.

The respondent has filed motion to quash the rule on the following grounds:

1. Because petitioner did not present to respondent the question of respondent's lack of jurisdiction, or show lack of opportunity to so present that question, or that so presenting such objection to jurisdiction of respondent would result in "hurtful delay."

2. Because the petition filed in this court shows on its face that respondent "had the right and duty" to issue the alternative writ of mandamus in that said petition shows: that Clikas was doing business in Baldwin County; that he was tried by the Recorder of the City of Mobile for violating ordinances of that city; "that the City of Mobile lays wholly in Mobile County;" that petitioner refused to approve appeal bonds filed by Clikas solely because the bonds were returnable to the Circuit Court of Baldwin County; that § 587, Title 37, Code 1940, as amended, provides, in pertinent part:

"§ 587. In any case involving the validity of an ordinance * * * tried before the recorder, the council may take an appeal * * * to the circuit court * * *; and in any case the defendant may take an appeal to such court * * *. *When the city is situated within two or more counties, the appeal shall lie to the circuit court of the county where the transaction involved in the case took place.*" [The italicized sentence was added by amendment in 1955);

therefore, the only court to which Clikas could appeal was the Circuit Court of Bald-win County; and, respondent was under the duty to issue the alternative writ of mandamus so as not to cut off Clikas' right to appeal.

Respondent's answer to the rule "admits the allegations of Section 1 of the Petition," which section recites in pertinent part:

"* * * That the City of Mobile, is a Municipal Corporation located entirely within the limits of Mobile County, Alabama."

The answer also sets up the proposition that under § 587 of Title 37, Code 1940, as amended, the sole jurisdiction of Clikas' appeals lies in the Circuit Court of Baldwin County and denies usurpation of authority in issuing the alternative writs of mandamus to petitioner.

The first proposition relied on by respondent in opposing the issuance of the writ by this court is the general rule that before resort is had to the extraordinary writ of prohibition, application for relief should first be made to the judge or court against whom the writ is sought, and opportunity afforded to the respondent to first pass upon objection to the jurisdiction.

Respondent has filed in this court an answer which asserts that "* * * Respondent's Court has the sole jurisdiction of the appeals of Emanuel Clikas and the failure of the Recorder to approve his bonds denied him the right to appeal;" that respondent "* * * clearly had jurisdiction to issue an alternative writ of mandamus to the Recorder of the City of Mobile;" and that "* * * this act was not a usurpation of his judicial power."

The answer, as it appears to us, plainly shows that to first raise the objection in the court of respondent would be unavailing and that this case falls within the exception noted in Ex parte State ex rel. Knight, 229 Ala. 513, 516, 158 So. 317, 320, where it was said:

"* * * The exception is thus stated in 50 Corpus Juris, § 98, p. 697:

'The rule is not jurisdictional but one of discretion, and, in its application, is subject to exceptions. Thus it has been held inapplicable to ex parte proceedings; or to proceedings in which applicant for the writ had no opportunity to object; *or where it is apparent that an objection to the lower court would have been unavailing and futile, or would result in unnecessary, or hurtful delay. * * *'* (Italics supplied.)

"The answer of respondent made to the rule nisi issued from this court fully demonstrates that it would have been a vain and useless thing, and a waste of time and energy, for the petitioner here to have first applied to him to recede from his action in issuing the habeas corpus writ. We are at this conclusion, for it abundantly appears from the respondent's answer that he was fully convinced not only at the time he issued the writ, but is still so convinced, that the judgment and sentence imposed by Judge Hawkins upon Pope were an absolute nullity, *and that he had the power to supervise the action of Judge Hawkins in adjudging Mr. Pope in contempt of court.* Being so impressed then, and still holding to such views as appears from his answer on file, it is not to be supposed that the respondent, on the application of this petitioner, or of any one else, would have receded from the position taken by him."

■ The further objection that prohibition should be denied because petitioner has a remedy by appeal from the mandamus proceedings is likewise unavailing. As was observed also in Ex parte State ex .rel. Knight, supra, the remedy by prohibition cannot be resorted to when an appeal will lie to correct the error, but if want of jurisdiction is disclosed on the face of the petition, then the writ of prohibition will be awarded, notwithstanding the respondent may have jurisdiction in proper cases to issue writs, there of habeas corpus, here of mandamus. Appeal in such a case is said to be an inadequate remedy because if prohibition be denied, and the mandamus proceedings be permitted to go to judgment in the Circuit Court of Baldwin County, such judgment would not support an appeal for the reason that it would be void, not having been made by a court which had jurisdiction in the matter before it. 229 Ala. 513, 517, 518, 158 So. 317.

■ The second proposition asserted by respondent presents, as it appears to us, the real question at issue, to wit: Under § 587, Title 37, as amended, does appeal by Clikas from his conviction in the Recorder's Court of the City of Mobile lie to the Circuit Court of Mobile County or to the Circuit Court of Baldwin County? We conclude that the appeal lies to Mobile County.

Both parties appear to agree that under the statute, appeal must lie to the Circuit Court of Mobile County unless the 1955 Amendment to § 587, Title 37, quoted above has the effect of moving the jurisdiction of that appeal to Baldwin County where the transactions took place.

The quoted Code provision, by its own language, has application only "When the city is situated within two or more counties * * *." Under the facts pleaded, the city here is "located entirely within the limits" of one county, which, as we understand it, means the corporate limits of the city lie wholly within Mobile County. It also appears that the territory in which the transactions here involved took place lies within three miles of those corporate limits, although in another county.

§ 9, Title 37, Code 1940, recites:

"The police jurisdiction in cities having six thousand or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordinances of a city or town enforcing police or sani-

tary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the police jurisdiction thereof, and on any property or rights of way belonging to the city or town."

The court judicially knows that the population of Mobile is more than six thousand inhabitants.

This court has said:

"* * * County lines, as we have held, are no barrier to the exercise of police powers over areas within the general police jurisdiction of the city. White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914." City of Birmingham v. Lake, 243 Ala. 367, 372, 10 So.2d 24, 28.

The "police jurisdiction" exercised outside the corporate limits of a city covers territory that is not a part of the corporate body of that city, but is described in the statute as "adjoining territory." § 9, Title 37, supra. The authority exercised within that adjoining territory is exercised outside the city.

We do not think it can be correctly said that a city "is situated within two or more counties," when both parties agree that the city is "* * * located entirely within the limits of Mobile County * * *," even when the corporate limits lie wholly within one county and the municipal police jurisdiction covers territory in another county. The statute does not say "When the city's police jurisdiction is situated within (or covers) two or more counties," but does say when the "city" is so situated. § 9, Title 37, Code 1940, does not, as we understand it, purport to add to the city's territorial extent, but does give the city the power to exercise certain specified authority called police jurisdiction within adjoining territory. The city is not "situated within" that adjoining territory within the meaning of § 587, Title 37, as amended.

Respondent in brief argues that the legislative purpose of the 1955 Amendment to § 587, Title 37, Code 1940, is to give an appellant the right to be tried by a jury before a court in his own county; that in the case of a city lying in two counties, the appellant has an opportunity to participate in and formulate the government of the city when he resides within its corporate limits, but where an appellant resides in the police jurisdiction of a city he can only abide by the rules of a municipal government in which he has no voice. If that was the legislative intent, we must none the less conclude that such intent was not made effective by the 1955 Amendment. We can only learn what the legislature intended by what it has said. Holt v. Long, 234 Ala. 369, 174 So. 759.

Respondent insists that the 1955 Act intends that: "the appeal shall lie to the circuit court of the county where the transaction involved in the case took place," in all cases. The statute, however, limits the application of the 1955 proviso to cases "When the city is situated within two or more counties." The Circuit Court of Baldwin County is bound by that limitation, and so are we also bound. To hold otherwise is to strike from the Act the words, "When the city is situated within two or more counties." That we have not authority to do.

§ 585, Title 37, Code 1940, provides:

"* * * Such recorder is especially vested with and may exercise *in the city and within the police jurisdiction thereof*, full jurisdiction in criminal and quasi criminal matters * * *." (Emphasis supplied.)

In defining the territorial limits of the jurisdiction of the recorder, the legislature recognized a distinction between the city and its police jurisdiction. We have no basis for deciding that the same distinction was not also recognized in the 1955 Act.

We are not unmindful of the rule that a literal construction of the words of a statute is not to be permitted to defeat the spirit of the act and that the entire

act must be considered and not merely an isolated part. Here the legislature amended a statute which had stood without material change for thirty years. The legislature saw fit to amend the statute in certain specified cases. This court is without authority to extend the amendment to cases not so specified.

Respondent states in brief as a proposition of law that the Constitution of Alabama gives Clikas the right to be tried in Baldwin County. No cases are cited and argument in support of the proposition merely repeats it and cites a section of the Constitution. We do not think this amounts to substantial argument and therefore pretermit consideration of the constitutional question.

It follows then, that the Circuit Court of Baldwin County has not jurisdiction of Clikas' appeals, had no jurisdiction to protect by the mandamus which Clikas applied for, and, therefore, the alternative writs were improvidently issued by respondent.

The writ of prohibition as prayed for is to be issued.

Writ awarded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.