WELCH, Judge.
 

 James M. Byrd appeals from the trial court’s issuance of a contempt citation against him. The trial judge, Stuart C. Dubose,
 
 [1]
 
 fined Byrd $200
 
 [2]
 
 for his failure to appear at a criminal settlement docket over which Judge Dubose had presided.
 

 The record shows that Byrd had requested a continuance from October 1, 2007, to October 2, 2007, but he failed to appear in court on October 2. The trial court found him in contempt, stating that Byrd had “utter disregard and disrespect for this Court. This is the Circuit Court of the First Judicial Circuit of the State of Alabama and is not a floor mat and is not a back seat to any Court in the State of Alabama.” (R. 8.) Byrd did not file a postjudgment motion.
 

 Byrd contends that he was denied his due-process rights to notice and a hearing, as required by Rule 33.3, Ala. R.Crim. P. The parties, and this court, are in
 
 *626
 
 agreement that the type of contempt case at issue here is constructive or indirect contempt. See, e.g.,
 
 Quick v. State,
 
 699 So.2d 1300 (Ala.Crim.App.1997).
 

 The distinction between direct and indirect contempt is important because the “due process” to be afforded an individual charged with indirect contempt is more significant than the process due to be afforded when one is charged with direct contempt.
 
 Cooke v. United States,
 
 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).
 

 “A proceeding in contempt for noncompliance with a lawful court decree is
 
 sui generis
 
 and not a ‘criminal prosecution’ as that term is commonly understood.
 
 Blackmer v. United States,
 
 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932), and
 
 Robertson v. State,
 
 20 Ala. App. 514, 104 So. 561 (1924). Because the sanctions employed by the court, pursuant to a criminal contempt adjudication, partake so heavily of a criminal nature (i.e., the actual or potential restraint of the body), however, it is essential in all but a narrow category of cases that constitutional principles be applied to this process to assure substantial due process is afforded the accused. The task of this Court, then, is to balance the inherent power of the Court to preserve its dignity and honor by the contempt process, while preserving to the accused contemnor the right to be treated with fairness and substantial due process.”
 

 State ex rel. Payne v. Empire Life Ins. Co. of America,
 
 351 So.2d 538, 542 (Ala.1977).
 

 To properly find one in constructive or indirect contempt, the trial court must afford the defendant the following elements of due process:
 

 “In considering whether a lower court complied with the requirements of due process in a case of constructive or indirect contempt, we look to determine if the following elements were present: (1) notice of the charges; (2) reasonable opportunity to meet them; (3) right to call witnesses; (4) right to confront the accuser; (5) right to give testimony relevant either to the issue of complete exculpation or extenuation of the offense; and (6) right to offer evidence in mitigation of the penalty imposed.”
 

 Flndd v. Gibbs,
 
 817 So.2d 711, 713 (Ala.Civ.App.2001); see also
 
 Kimbrough v. Kimbrough,
 
 963 So.2d 662, 665 (Ala.Civ.App.2007).
 

 In its brief on appeal, the State concedes that Byrd was not afforded his due-process rights, but, it contends, Byrd failed to preserve the issue for appellate review.
 

 “ ‘Review on appeal is limited to a consideration of questions properly raised in the trial court.
 
 Knox v. State,
 
 38 Ala.App. 482, 87 So.2d 671 (1956);
 
 Handley v. State,
 
 214 Ala. 172, 106 So. 692 (1926). Matters not objected to in the trial court
 
 cannot
 
 be considered for the first time on appeal since review on appeal is limited to those matters on which rulings are invoked at nisi prius.
 
 Daniels v. State,
 
 53 Ala.App. 666, 303 So.2d 166 (1974);
 
 Shiver v. State,
 
 49 Ala.App. 615, 274 So.2d 644 (1973);
 
 Cooper v. State,
 
 Ala.App., 331 So.2d 752, cert. denied, Ala., 331 So.2d 759 (1976).’
 

 “Harris v. State,
 
 347 So.2d 1363, 1367 (Ala.Cr.App.1977),
 
 cert. denied,
 
 347 So.2d 1368 (emphasis in original).”
 

 Brown v. State,
 
 701 So.2d 314, 316 (Ala.Crim.App.1997).
 

 Even constitutional issues must be properly preserved for appellate review.
 
 Brown v. State,
 
 705 So.2d 871, 875 (Ala.Crim.App.1997). “Due process does not override the basic law of preservation, ... and the issue must first be presented
 
 *627
 
 to the trial court before it will be reviewed on direct appeal.”
 
 Boglin v. State,
 
 840 So.2d 926, 929 (Ala.Crim.App.2002).
 

 Byrd argues that the three exceptions to the preservation requirement applicable in probation-revocation proceedings should apply here. Those exceptions include: (1) the requirement that a revocation hearing be held; (2) the requirement that there be an adequate written or oral revocation order; and (3) the requirement that the probationer be informed of his right to request counsel.
 
 Jackson v. State,
 
 867 So.2d 365 (Ala.Crim.App.2003).
 

 We decline to extend the preservation requirements applicable in probation-revocation proceedings. Nonetheless, for the reasons discussed below, we do find that Byrd is entitled to the relief requested.
 

 “The Alabama Supreme Court in
 
 Ex parte State ex rel. Knight,
 
 229 Ala. 513, 158 So. 317 (1934), stated the following concerning the requirement of presentment to the inferior court as a prerequisite to the issuance of a writ of prohibition:
 

 “ ‘Undoubtedly the general rule obtaining in many jurisdictions would seem to require that, before resort is had to the extraordinary writ of prohibition, application should ordinarily first be made to the court, or judge, for relief. This general rule has been applied here.
 

 ‘“But the courts generally recognize that this rule, like many other rules, has its exceptions. The exception is thus stated in 50 Corpus Juris, § 98, p. 697: “The rule is not jurisdictional but one of discretion, and, in its application, is subject to exceptions. Thus it has been held inapplicable to ex parte proceedings; or to proceedings in which applicant for the writ had no opportunity to object; or
 
 where it is apparent that an objection to the lower court would have been unavailing and futile, or would result in unnecessary, or hurtful delay.
 
 ...” (Italics supplied.)’
 

 “229 Ala. at 516, 158 So. at 319-20. The Alabama Supreme Court recognized this exception in
 
 Ex
 
 parte
 
 State ex rel.
 
 Knight; the inferior court in that case was adamant in its answer to the petition that it had the challenged jurisdiction. In
 
 Ex parte Wilson,
 
 269 Ala. 263, 112 So.2d 443 (1959), the Alabama Supreme Court applied this exception; the circuit court in that case maintained that it had not exceeded its jurisdiction. In
 
 Donahoo v. St. John,
 
 253 Ala. 604, 46 So.2d 420 (1950), the Supreme Court also applied this exception; in that case the issue of the trial judge’s lack of jurisdiction had been informally presented to the lower court and it was clear what the lower court’s ruling would be had the issue been formally presented.”
 

 Ex parte Bridges,
 
 905 So.2d 32, 35-36 (Ala.Crim.App.2005).
 

 In this case, the record shows that the trial court failed to employ even the most rudimentary concepts of due process, finding Byrd guilty of contempt without even issuing a citation for contempt or holding a hearing allowing Byrd to explain why he should not be held in contempt. There was no hearing, and it appears from the intemperate language and hasty nature of the action of the trial court in this case that the trial court had a personal animus against Byrd.
 

 It is clear from the record that the trial court’s ruling would have been to deny any postjudgment motion Byrd may have filed. Under the circumstances of this case, any objection Byrd made to the finding of contempt would have been unavailing and futile.
 

 
 *628
 
 As the State conceded in its brief, Byrd was denied his due-process rights in the ex parte proceeding against him. Any attempt by Byrd to object to the denial of his rights would have been futile.
 

 Accordingly, the judgment of the trial court issuing a contempt citation against Byrd is reversed. This cause is hereby remanded for a hearing on the issue whether Byrd was in contempt of court when he missed the scheduled criminal settlement docket. If, after a hearing on the issue of contempt, the circuit court determines that Byrd was indeed in contempt, it shall impose a fine not to exceed $100, pursuant to § 12-11-110, Ala.Code 1975.
 

 REVERSED AND REMANDED.
 

 McMILLAN, J., concurs.
 

 BASCHAB, P.J., and WISE, J., concur in the result.
 

 SHAW, J., recuses himself.
 

 [1]
 

 . Judge Dubose was removed as circuit judge of the First Judicial Circuit of Alabama on June 5, 2008, after a hearing before the Court of the Judiciary.
 

 [2]
 

 . We first note that the maximum fine that a circuit court may impose for a finding of contempt is $100. § 12-11-30(5), Ala.Code 1975. Thus, the $200 fine imposed against Byrd in this case was improper.