PER CURIAM.
The appellant, Bobby Joe Cosper, was convicted of violating the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 (“the CNA”), by failing to give timely notice of his intent to transfer his residence, a violation of § 15-20-23, and for failing to report to law-enforcement agencies semiannually to verify his place of residence, a violation of § 15-20-24.[1]
The State’s evidence tended to show that in 2001 Cosper pleaded guilty to two counts of second-degree rape and was sen *188 tenced to 15 years’ imprisonment. As a result of that conviction Cosper was required to register as a sex offender pursuant to the CNA. In accordance with the CNA, Cosper was required to register twice a year, to not establish any residence within 2,000 feet of a school or child care facility, and to notify the appropriate law-enforcement agency when he intended to relocate and have the agency approve the new location within 30 days of his move.[2]
The State presented evidence indicating that Cosper was released from the Montgomery County Detention Facility on October 10, 2008, and that upon his release he registered with the Montgomery County Sheriffs Department. Cosper was photographed, fingerprinted, and completed a Form 47 — Alabama’s adult-sex-offender-registration form.
Cathy Little, an employee of the Montgomery County Sheriffs Department, testified that she had previously worked as the identification clerk for Montgomery County, that it was her duty to maintain records related to sex offenders residing within the city limits, and that she verified their addresses and their annual and semiannual verifications. Little testified that Cosper was brought to her office after he was released on October 10, 2008, and that he completed a “State 47 Form.” At that time, she said, Cosper was fingerprinted and photographed, reviewed the information regarding address restrictions for sex offenders, and executed “Form 47.” At that time Cosper indicated that he intended to reside at 1517 Buena Vista Circle in Decatur, Morgan County. After Cosper completed his paperwork, Little testified, she faxed the information to the Morgan County Sheriffs Department.
Cindy Crowell, an employee of the Morgan County Sheriffs Department, testified that on October 10, 2008, she received notification from Montgomery County that Cosper intended to reside in Morgan County. She further testified that Cosper did not report to the sheriffs office within seven days of his release from jail and that she informed Investigator Ana Franklin with the Morgan County Sheriffs Department that Cosper had failed to report.' Crowell further testified that after Cosper was arrested for failing to register he informed her that he had been living at 422 4th Avenue Southwest — a prohibited address because it was within 2,000 feet of a school.[3]
David Williams of the Decatur Police Department testified that he worked as a sex-offender-registration agent. He explained that sex offenders first register with the Morgan County Sheriffs Department and are then directed to the City of Decatur Police Department if they live within the Decatur city limits. Specifically, he testified:
“First and foremost, they register through Morgan County and after Morgan County they’re directed to the City of Decatur if they live within the City of Decatur or our jurisdiction. When they are notified, they come to the Decatur City Police Department and we fill out the sex offender registration that we’re required to fill out by the State of Alabama to comply with the 2005 notification act and go down each and every paragraph in that, and they are reinforced. The same thing that they’ve *189 just done at the county are reinforced [sic], and at that particular time they initial and sign where it needs to be signed. We take a second set of fingerprints and we also photograph them and maintain our register at the city level because we are required to maintain a book to be presented to any citizen that so desires to see that.”
(R. 99-100.) In late October, Officer Williams received notification from Investigator Franklin that Cosper was residing at 1517 Buena Vista Circle in Decatur. Williams traveled to that address on October 29, 2008, and discovered that Cosper had been there but that he was no longer at that residence.
On October 30, 2008, Cosper met with Investigator Ana Franklin and Officer Williams. After waiving his Miranda[4] rights Cosper told police that he had lived at the 1517 Buena Vista Circle address from October 11, 2008, to October 14, 2008, and that he then moved in with his girlfriend, S.L.,[5] who resided at 4th Avenue Northwest in Decatur. Cosper informed the officers that he was aware that he was required to register in Morgan County and to inform the sheriff if he moved from the Buena Vista address, but that he “just wasn’t thinking straight.” (R. 228-29.) He further stated that his girlfriend “is the girl that [he] went to prison for. She is one of [his] victims in the rape second conviction. She is the victim that was fourteen at the time of the offense.” (R. 229, 235.) Cosper was arrested.
The State’s evidence further showed that a licensed home-day-care facility was operated at 207 4th Avenue Northwest— approximately 1,920 feet from 422 4th Avenue Southwest. The evidence also showed that the West Decatur Elementary School is less than 1,500 feet from the 422 4th Avenue Southwest address.
The defense presented the testimony of S.L. and S.L.’s mother. S.L. testified that she and Cosper went on a vacation during most of October 2008. She also testified that during that time she lived at 622 4th Avenue Southwest — not 422 4th Avenue Northwest. She further testified that a school is located a block from her address at 622 4th Avenue Southwest. S.L.’s mother testified that she lived at 622 4th Avenue Southwest with her husband, sons, two daughters, and grandchildren. She stated she did not know who lived at the 422 4th Avenue Northwest address. She indicated that Cosper did not live with S.L. She also testified that West Decatur Elementary School is located approximately a block from her house.
I.
Cosper first argues that the CNA is unconstitutional. Specifically, Cosper argues that the CNA violates the prohibition against ex post facto laws contained in Art. I, § 10, of the United States Constitution and that it is overbroad and imposes an excessive restraint on its face and as applied. The State asserts that Cosper failed to preserve this issue for appellate review because he failed to raise it in the circuit court.
An appellate court is limited to matters that were raised in and addressed by the trial court. Ross v. State, 581 So.2d 495 (Ala.1991); Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989).
“Even constitutional issues must be properly preserved for appellate review. *190 Brown v. State, 705 So.2d 871, 875 (Ala.Crim.App.1997). ‘Due process does not override the basic- law of preservation, ... and the issue must first be presented to the trial court before it will be reviewed on direct appeal.’ Boglin v. State, 840 So.2d 926, 929 (Ala.Crim.App.2002).”
Byrd v. State, 10 So.3d 624, 626-27 (Ala.Crim.App.2008).
Cosper did not challenge the constitutionality of the CNA in the circuit court. Because he did not first present this argument below, this Court may not review this issue on appeal. See Harris v. State, 794 So.2d 1214, 1223 (Ala.Crim.App.2000).
Moreover, assuming that this issue was properly preserved for appellate review, we would find no constitutional violation. This Court has previously upheld the CNA against a claim that it constitutes an ex post facto law. In Lee v. State, 895 So.2d 1038 (Ala.Crim.App.2004), this Court, relying on Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), concluded that the CNA was not an ex post facto law, either facially or as applied to the appellant in that case, who was an adult criminal sex offender. This Court held that the CNA was intended to create a civil regulatory scheme and that it. did not have any punitive effect on the appellant that would negate the legislative intent of the act. 895 So.2d at 1042-43. See Boyd v. State, 960 So.2d 717 (Ala.Crim.App.2006). See also Salter v. State, 971 So.2d 31 (Ala.Civ.App.2007).
Here, Cosper failed to present any evidence indicating that the CNA had a punitive effect on him. Consequently, Cosper failed to meet his burden of presenting substantial evidence to support his claims. See Salter, 971 So.2d at 37 (“Salter has failed to present any evidence indicating that the CNA is intended as a punitive criminal statute.... Salter has failed to present substantial evidence indicating that the residency requirements of the CNA have a punitive effect on him.”). Accordingly, even if the issue was properly .before this Court, Cosper is due no relief on this claim.
II.
 Cosper next argues that the evidence was insufficient to support his convictions for violating the CNA and that the weight of the evidence was insufficient to support his convictions. Cosper preserved these claims by moving for a judgment of acquittal and for a new trial.
“In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the de *191 nial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Willis v. State.”
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Crim.App.1993).
“ ‘In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.’ Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), affirmed, Ex parte Faircloth, [471] So.2d 493 (Ala.1985).
“ ‘ “The role of appellate courts is not to say what the facts are. Our role, ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978). An appellate court may interfere with the jury’s verdict only where it reaches “a clear conclusion that the finding and judgment are wrong.” Kelly v. State, 273 Aa. 240, 244, 139 So.2d 326 (1962).... A verdict on conflicting evidence is conclusive on appeal. Roberson v. State, 162 Ala. 30, 50 So. 345 (1909). “[W]here there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense.” Fuller v. State, 269 Aa. 312, 333, 113 So.2d 153 (1959), cert. denied, Fuller v. Alabama, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960).’ Granger [v. State], 473 So.2d [1137,] 1139 [(Ala.Crim.App.1985)].”
White v. State, 546 So.2d 1014, 1017 (Ala.Crim.App.1989). Additionally, it is well settled that “[t]he weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury.” Smith v. State, 698 So.2d 189, 214 (Ala.Crim.App.1996), aff'd, 698 So.2d 219 (Ala.1997).
“In Johnson v. State, 555 So.2d 818, 819-20 (Ala.Cr.App.1989), this court noted the difference in ‘sufficiency’ and “weight’ as follows:
“‘The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, “viewing the evidence in the light most favorable to the prosecution, [a] rational factfinder could have found the defendant guilty beyond a reasonable doubt.” Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2215, 72 L.Ed.2d 652 (1982). Accord, Prantl v. State, 462 So.2d 781, 784 (Ala.Cr.App.1984).
“ ‘In contrast, “[t]he ‘weight of the evidence’ refers to ‘a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.’ ” Tibbs v. Florida, 457 U.S. at 37-38 [102 S.Ct. at 2216] (emphasis added). We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964 (Ala.Cr.App.), cert. denied, 405 So.2d 966 (Ala.1981); Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala.1981); Nobis v. State, 401 So.2d 191, 198 (Ala.Cr.App.), cert. denied, 401 So.2d 204 (Ala.1981). ‘“[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine.’ ” Harris v. State, 513 So.2d 79, 81 (Ala *192 .Cr.App.1987) (quoting Byrd v. State, 24 Ala.App. 451, 136 So. 431 (1931)).[’]
“(Emphasis in original.) See Smith v. State, 604 So.2d 434 (Ala.Cr.App.1992); Pearson v. State, 601 So.2d 1119 (Ala.Cr.App.1992); Curry v. State, 601 So.2d 157 (Ala.Cr.App.1992).”
Zumbado v. State, 615 So.2d 1223, 1240-41 (Ala.Crim.App.1993).
A.
Count II of the indictment charged Cosper as follows:
“The Grand Jury of said County further charges that before the finding of this indictment, Bobby Joe Cosper, whose name is to the Grand Jury otherwise unknown, an adult criminal sex offender, having previously been convicted of two (2) counts of Rape in the Second Degree in the Circuit Court of Morgan County, Alabama (case# 52CC00-1377), did knowingly fail or refuse to submit a notice of intent to transfer his residence to 422 4th Avenue Southwest, Decatur, Morgan County, Alabama with the Sheriff of Morgan County, Alabama, thirty (30) days prior to moving to the new location, in violation of Section 15-20-23 of the Code of Alabama.”
(C. 48; emphasis added.)
Section 15-20-23, Ala.Code 1975, defines the offense for which Cosper was charged; it provides as follows:
“(a) If an adult criminal sex offender intends to transfer his or her residence to a different location, he or she shall submit a notice of intent to move to the sheriff of the county and the chief of police of the municipality in which he or she resides, and to the sheriff of the county and chief of police of the municipality to which he or she plans to move, if such are different, at least 30 days prior to moving to the new location. The notice of intent to move shall be on a form developed by the Department of Public Safety provided by the sheriff and shall include all the information required by this article for community notification. Failure to provide a timely and accurate written declaration shall constitute a Class C felony.
“(b) Notwithstanding other provisions of law regarding establishment of residence, an adult criminal sex offender shall be deemed to have established a new residence in any of the following circumstances:
“(1) Whenever that adult criminal sex offender is domiciled for three consecutive days or more.
“(2) Whenever that adult criminal sex offender is domiciled following his or her release, regardless of whether that criminal sex offender has been domiciled at the same location prior to the time of conviction.
“(3) Whenever an adult criminal sex offender spends 10 or more aggregate days at a location during a calendar month.”
The State’s evidence showed that upon arriving in Decatur, Morgan County, Cos-per resided at 1517 Buena Vista Circle. However, shortly thereafter he moved in with his girlfriend, who resided at 622 4th Avenue Southwest. Although Cosper indicated to law-enforcement officers that her house was located at 422 4th Avenue Southwest, the indictment provided sufficient notice to Cosper, and any conflicts in the evidence were for the jury. Likewise, S.L.’s testimony and her mother’s testimony that Cosper never lived at 622 4th Avenue Southwest and spent most of October 2008 traveling was for the jury to resolve.
The State presented sufficient evidence indicating that Cosper failed to notify the authorities of his intent to transfer his *193 residence, and the trial court properly submitted the case to the jury for it to resolve any conflicts in that evidence. See Zumbado, supra. The evidence was sufficient to support the jury’s verdict as to count II of the indictment.
B.
Count I of the indictment charged that Cosper,
“an adult criminal sex offender, having previously been convicted of two (2) counts of Rape in the Second Degree in the Circuit Court of Morgan County, Alabama (case # 52CC00-1377), did knowingly fail to report semi-annually to the Sheriff of Morgan County, Alabama or the Chief of Police of Decatur, Alabama for the purpose of verifying his place of residence, in violation of Section 15-20-24 of the Code of Alabama.”
(C.R. 48; emphasis added.)
Section 15-20-24, Ala.Code 1975, defines the offense for which Cosper was charged and provides as follows:
“(a) Sixty days after an adult criminal sex offender’s most current release and, except during ensuing periods of incarceration, thereafter on the anniversary date of an adult criminal sex offender’s birthday occurring more than 90 days after the release and the date six months after the anniversary date of an adult criminal sex offender’s birthday occurring more than 90 days after the release, the Department of Public Safety shall mail a non-forwardable verification form to the address of the adult criminal sex offender. The sheriff, or chief of police where applicable, where the adult criminal sex offender resides shall be notified of the pending verification and whether the verification form was received by the adult criminal sex offender.
“(b) Within 10 days of the receipt of the verification form, the adult criminal sex offender shall present in person the completed verification form to the sheriff, or chief of police where applicable, who shall obtain fingerprints and a photograph of the adult criminal sex offender. The verification form shall be signed by the adult criminal sex offender and shall state that the adult criminal sex offender still resides at that address and that the adult criminal sex offender is in compliance with the residence restrictions established in this article. In the event the adult criminal sex offender does not receive a verification form from the Department of Public Safety, the offender must nonetheless report in person to the sheriff, or chief of police where applicable, to verify his or her place of residence within 90 days of his or her most recent release and thereafter each year within 30 days of the offender’s birthday and the date six months after the offender’s birthday.
“(c) Within 30 days of an adult criminal sex offender’s address verification, the Department of Public Safety shall, in accordance with guidelines promulgated by the Department of Public Safety, receive from the 'appropriate sheriff or chief of police verification of the adult criminal sex offender’s address. Such guidelines shall ensure that address verification is accomplished with respect to these individuals and shall require the submission of fingerprints and photographs of the individuals.
“(d) An adult criminal sex offender who fails to verify his or her place of residence in accordance with this section, provides a false statement to law enforcement in the verification process, or knowingly fails to permit law enforcement personnel to obtain fingerprints or a photograph shall be guilty of a Class C felony.”
*194 Section 15-20-24, Ala.Code 1975, requires two different forms of address verification. The first address verification must be completed after the sex offender’s most current release. The second form of address verification is the semi-annual verification that is triggered by the anniversary of the sex offender’s birthday and the six-month anniversary of the sex offender’s birthday.
In this case, Cosper was not indicted for failing to report and to complete his “initial address verification” form as required by § 15-20-24, Ala.Code 1975. Rather, Cosper was indicted for failing to report “semiannually” as required by § 15-20-24, Ala.Code 1975. However, even if the indictment had properly charged Cosper with not reporting and completing the initial address verification form the State did not present sufficient evidence to support such a conviction. Under that section, a convicted sex offender must report either: (a) within 10 days after receiving an address verification form from the Department of Public Safety; or (b) within 90 days after the offender’s most recent release if he does not receive a verification form. See § 15-20-24(b), Ala.Code 1975. The State did not present any evidence indicating that the Department of Public Safety mailed an address verification form to Cosper or that Cosper failed to report within 10 days after receiving an address verification form.[6]
Furthermore, if Cosper did not receive an address verification form, he had 90 days after his most recent release — i.e., until January 8, 2009 — to report and complete the initial verification form. Cosper was released from jail on October 10, 2008, and rearrested on October 30, 2008 — 20 days later. When Cosper was rearrested the 90-day period to comply with the initial address verification form requirement had not yet elapsed.[7] In fact, Cosper had two months to comply with the statutory requirement. It appears that Cosper’s arrest for failing to initially report and verify his address was premature. The State failed to prove that Cosper had -violated the initial reporting and address verification provisions set out in § 15-20-24, Ala. Code 1975.
Neither did the State present evidence showing that Cosper failed to comply with the semiannual reporting requirement in § 15-20-24, Ala.Code 1975. Under § 15-20-24, the triggering dates for a convicted criminal sex offender’s duty to verify his residence semiannually are the anniversary of the offender’s birthday and the date six months after the offender’s birthday. Pursuant to § 15-20-24, Ala.Code 1975, a sex offender would first be required to report for a semiannual address verification: (a) within 10 days after receiving an address veri *195 fication form from the Department of Public safety; (b) the anniversary of the offender’s birthday that occurs after his initial verification; or (c) the six-month anniversary of the offender’s birthday that occurs after his initial verification.
In this case, the State did not present any evidence showing that the Department of Public Safety had mailed Cosper an address verification form for a semiannual verification.[8] More importantly, the time for Cosper to initially report and verify his address had not yet elapsed. Therefore, neither semiannual reporting requirement had been triggered at the time of Cosper’s arrest. The State failed to present sufficient evidence that Cosper violated § 15-20-24, Ala.Code 1975, by not initially reporting and having law enforcement verify his address. Cosper’s conviction for that offense is due to be reversed and a judgment rendered in Cosper’s favor.
For the foregoing reasons, we affirm Cosper’s conviction for failing to give timely notice of his intent to transfer his residence, a violation of § 15-20-23, Ala.Code 1975. We reverse Cosper’s conviction under count I of the indictment for failing to semiannually verify his place of residence, a violation of § 15-20-24, Ala.Code 1975, and direct the circuit court to render a judgment in Cosper’s favor on that charge.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.

. Cosper was also convicted of violating § 15-20-2 6(a), by knowingly establishing a residence within 2,000 feet of a school. However, Cosper does not challenge this conviction on appeal.

. These requirements as they relate to adult criminal sex offenders are specifically set out in § 15-20-23, Ala.Code 1975.

. The record is unclear whether the actual address where Cosper lived with his girlfriend was 422 4th Avenue Southwest or 422 4th Avenue Northwest or 622 4th Avenue Southwest.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

. S.L. was one of the victims in Cosper’s second-degree-rape convictions. To protect her anonymity, we are using her initials. See Rule 52, Ala. R.App. P.

. In fact, the Department of Public Safety was not required to send such a notification until 60 days after Cosper's most recent release, which would have been December 9, 2008. See § 15-20-24(a), Ala.Code 1975.

. During her testimony, Ana Franklin testified that Cosper was supposed to report to the Morgan County Sheriff’s Department within seven days after his release; that that was the basis for Count I of the indictment-; and that Cosper had not registered with the Morgan County Sheriff’s Department. The reporting and address-verification requirements set forth in § 15-20-24, Ala.Code 1975, are different from the registration requirements set forth in § 13A-11-200, Ala.Code 1975. Section 13A-11-200 requires that a sex offender register with the sheriff of the county of his legal residence within seven days following his release. Although the evidence would have supported a conviction for failing to register pursuant to § 13A-11-200, Ala.Code 1975, Cosper was not charged with violating that section.

. In fact, the Department of Public Safety was not required to do so until the anniversary date of Cosper’s birthday that occurred more than 90 days after his release or the six-month anniversary of Cosper's birthday that occurred more than 90 days after he was released. Cosper was released on October 10, 2008; he was rearrested on October 30, 2008. Therefore, at the time he was arrested, the Department of Public Safety was not yet required to send Cosper an address verification form for his semiannual verification.