274 So.2d 644

**James T. SHIVER**

**v.**

**STATE.**

**I Div. 351.**

Court of Criminal Appeals of Alabama.

March 13, 1973.

Wilters & Brantley, Bay Minette, for appellant.

**616**

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for manslaughter in the first degree, convicted by the jury of manslaughter in the second degree with punishment fixed at twelve months at hard labor plus a fine of $500.00. Following due allocution, the trial court entered formal judgment pursuant to the jury's verdict. This appeal followed.

It appears from the State's evidence adduced prior to the defendant's evidence that the deceased was traveling south in his automobile on a public highway and had passed the crest of a hill about thirty feet when his vehicle came in violent contact with a motor vehicle being driven by defendant. The impact of the two vehicles resulted in the immediate death of Charles White who was driving the southbound vehicle. The defendant, who was driving the northbound vehicle, was severely injured.

The impact, according to the state trooper who reached the scene about ten minutes after the tragedy, occurred about the center of the driving lane of Mr. White's vehicle. The right wheels of the Shiver vehicle were on the center line of the road.

It further appears from the evidence that where the impact occurred there was a solid yellow line which was put there to indicate and set up a no passing zone. The establishment of such a zone was authorized by Tit. 36, § 58(7), Recompiled Code of Alabama, 1958, which reads:

"The department is hereby authorized to determine those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when such signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereon."

Tit. 36, § 58(51), Code, supra, makes it a misdemeanor for any person to violate the above section as well as other related sections.

Manslaughter in the second degree has been defined by this Court "as the unlawful killing of another human being, without malice and without the intent to kill or to inflict injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor." Touchstone v. State, 42 Ala.App. 141, 155 So.2d 349; Pitts v. State, 40 Ala.App. 702, 122 So.2d 542.

In view of the State's evidence tending to show that the death of Mr. White ensued while the defendant was doing an unlawful act amounting to a misdemeanor, we hold that the trial court properly overruled defendant's motion to exclude the evidence.

The defendant testified:

"A. I was smoking—smoking a cigarette, and I started to knock the ashes off it and my arm bumped the shift lever; it has a floor board shift and the cigarette bounced down in the floor board and I had a quilt on the seat and I reached down after the cigarette and I raised up and looked and I didn't see anything, and I reached back after it again and about the time I got hold of the cigarette, it was like everything exploded.

. . . . . .

"Q. You were still in the process when the impact occurred?

"A. That is right."

The defendant on direct examination testified that he had drunk four beers from about 1:00 o'clock up to the time the collision happened, which was about 4:00 o'clock in the afternoon.

■ Also on direct examination the trial court sustained the State's objection to a question: "Did you intend to run over him?"

The ruling of the trial court was not error. It was not permissible for the defendant to testify to his undisclosed intention in response to the question. Such intention must be inferred by the triers of fact from the defendant's conduct and circumstances attending the occurrence. McGuff v. State, 248 Ala. 259, 27 So.2d 241(1).

■ Mrs. Heathcock, a witness for defendant, testified regarding defendant's appearing at her store and making a purchase about twenty minutes before the fatal collision. Counsel for defendant asked her, "Did he act normal?" The court sustained the State's objection to this question.

The ruling was correct. The question was too broad and general. The normality vel non of defendant should have been limited to the specific issue; namely, the sobriety of defendant at the time he made the purchase and a few minutes later when the impact occurred.

The state trooper in rebuttal testified that on his arrival at the scene of the collision he checked the contents of the truck the defendant was driving and that he did not find a quilt around the cab or the scene; that no quilt was in the cab of the truck.

■ There was no exception to the oral charge of the trial court with respect to the elements of manslaughter in the second degree. The defendant did not request any written charges of any kind. The correctness of inadequacy of the oral charge is not reviewable. We are limited in this review to those matters upon which action or ruling at nisi prius was invoked or had. Shepard v. State, 20 Ala.App. 627, 104 So. 674; Harrison v. State, 21 Ala.App. 260, 107 So. 225.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment in this cause is hereby affirmed.

Affirmed.

All the Judges concur.