303 So.2d 166

**Nathaniel DANIELS**

v.

**STATE.**

**2 Div. 135.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Drinkard & Drinkard, Linden, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This is an appeal from a judgment of conviction of murder in the second degree. The sentence imposed was 15 years imprisonment in the penitentiary.

The State relied upon the testimony of only one witness, W. E. Lee, sheriff of Greene County at the time of the commission of this offense. Appellant did not testify nor offer any evidence in his behalf.

Lee testified in substance that in the early part of the night of September 24, 1970, he received a call that there had been a shooting at the home of appellant, Nathaniel Daniels, in the city limits of Eutaw. He immediately went to the home and was advised by Adam Atkins that the appellant had taken his wife to the local hospital. Witness then went to the hospital and found Martha Daniels, the wife of appellant, in the emergency room where he was advised that she was dead. He discovered a gunshot wound in the pit of her lift arm which appeared to have been made by a single bullet. On a further examination of her body he saw no other wounds, contusions, or bruises of any kind.

He testified that he had been sheriff of Greene County for 20 years and during that time he had observed approximately 20 people who had died from gunshot wounds and that in his opinion Martha Daniels had died from the wound heretofore described.

He further testified that there was a crowd of people present at the emergency room and that he found the appellant standing in the hall and asked him if he shot his wife. It appears that no direct answer was given to this question but the appellant was immediately arrested by the sheriff and put in an automobile where he was informed of his constitutional rights; that no reward or hope was held out to induce him to confess. Immediately thereaf-

ter appellant said that he and his wife had a family argument and got into a scuffle and he went and got his pistol; when he brought it back, she came at him with her arm raised and he shot her. This testimony was admitted without objection. The sheriff further testified he and the appellant went back to appellant's home where the appellant got a pistol out of a dresser drawer and gave it to the sheriff. In his opinion it was a .25 caliber pistol but appellant had told him it was a .32 caliber. The pistol was kept for some time in a sack with other confiscated guns and after a former trial in the case, it, along with other guns held by the sheriff, was thrown into the Tombigbee River.

Objection was made by appellant to the evidence in which the sheriff gave as his opinion that the death of the deceased was caused by the gunshot wound. This objection was overruled by the court.

On cross-examination the sheriff testified that appellant was drinking when he saw him at the hospital and wobbling around; that he could smell it and also relied upon his experience in detecting the appellant's condition. He would not say that the appellant was drunk but only drinking. At this juncture in the testimony appellant moved to exclude the testimony of the sheriff as to the confession or statement against interest made by appellant on the grounds that the testimony showed that he was drinking and that there could not have been an intelligent waiver of appellant's constitutional rights by appellant because of his intoxication. This motion was overruled by the court.

The appellant sums up his argument for reversal as follows:

1. The Trial Court wrongfully allowed in evidence the defendant's confession, over his objection, when there was no evidence that he had waived his constitutional rights;

2. By allowing the confession to be put before the jury, over the defendant's objec-tion, when the prosecution had not overcome the prima facie presumption of involuntariness and inadmissibility.

As heretofore noted in the testimony of the sheriff, it appears that no objection was made to the introduction of evidence of the confession made by appellant to the sheriff, after he had been warned of his constitutional rights, and after some evidence had been offered of the voluntariness of the confession. Under the rule set forth in many cases of the Appellate Courts of this State, matters not objected to in the trial court can not be considered for the first time on appeal since a review on appeal is limited to those matters on which rulings are invoked at nisi prius. Felton v. State, 47 Ala.App. 182, 252 So.2d 108; Alabama Digest, Volume 7, Criminal Law, ☞1028 and 1030.

Appellant contends that his alleged confession was made while intoxicated at the time, thus rendering anything he said involuntary; hence his motion to exclude on that ground.

In the case of Warren v. State, 44 Ala. App. 221, 205 So.2d 916, the rule is correctly stated as follows:

"Our courts recognize the rule that proof of intoxication amounting to 'mania' or such an impairment of the will and mind as to make the person confessing unconscious of the meaning of his words, renders a confession made by him while in such state inadmissible * * *"

Intoxication, under this rule, amounting to mania, in which the will and mind of the person confessing is unconscious of the meaning of his words will render such confession inadmissible as lacking in voluntariness.

However, the fact that a person is much intoxicated does not necessarily mean that his reason is so far dethroned as to disable him from comprehending the effects of his admissions, or from giving a true account of the occurrence to which they have ref-

erence. Bedingfield v. State, 47 Ala.App. 677, 260 So.2d 408.

 However, the question as to the appellant's intoxication to such an extent as to effect his ability to confess voluntarily is a question of fact, primarily addressed to the trial judge as to its admissibility, and to the jury for its credibility and weight.

As said above, the evidence as to the intoxication of appellant was introduced into the case on cross-examination of State's witness, Lee, after testimony as to the confession had been introduced on direct examination. From the tenor of the questions by appellant's attorney, with regard to this evidence we surmise that he anticipated the sheriff would say appellant was intoxicated to some degree. If this is true, the proper procedure to raise this question would have been a motion to suppress and a voir dire examination, outside the presence of the jury, from which the court could determine the admissibility of the proposed confession.

However, the record does not reflect whether appellant had this information during direct examination and our duty is to pass upon the matters presented as they appear of record.

We do not think the court abused its discretion in its ruling on the admission of the confession into evidence.

We are further of the opinion that no error appears in the ruling of the court admitting into evidence the sheriff's testimony that the death of the deceased was caused by the gunshot wound. Hicks v. State, 247 Ala. 439, 441, 25 So.2d 139, 140; Wilson v. State, 243 Ala. 1, 8 So.2d 422; Willingham v. State, 261 Ala. 454, 74 So.2d 241; Smith v. State, 282 Ala. 268, 210 So. 2d 826.

Finding no error to reverse, this case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.