The appellant was arrested on September 5, 1975, for possession and sale of marijuana. A preliminary hearing was apparently held sometime before October 30, 1975. On October 30, 1975, the appellant was indicted separately for possession and sale of marijuana. On November 3, 1975, counsel was appointed for the appellant, and he was arraigned. The appellant subsequently changed attorneys and on November 12, 1975, the cases were consolidated and tried. The appellant was found guilty in both cases, and he now appeals the convictions.
The State's evidence was overwhelming to the effect that the appellant sold marijuana to an undercover agent and that the appellant was in constructive possession of another portion of marijuana at a different point in time.
The appellant called three witnesses in his defense. Their testimony if believed by *Page 449 
the jury would have tended to show that the appellant was framed regarding the charge of sale of marijuana. They were eyewitnesses to the transaction between the appellant and the undercover agent. They alleged that the undercover agent was making an inquiry to the appellant about the location of a store, when the agent asked for and received a $20.00 bill in exchange for smaller denominations totaling $20.00. The appellant contends this was how he came to be in possession of $15.00 in marked bills which the State introduced into evidence against him. The appellant's witnesses also testified that a Detective Jackson was present during the transaction between the appellant and the undercover agent, and that the appellant never sold any marijuana.
In order to rebut the testimony of appellant's witnesses, the State called Detective James Smith who was examined in pertinent part as follows:
 "Q. Were the witnesses that have come on the stand today and pointed their fingers at Detective Jackson, were they sitting in the Court Room?
"A. Yes, they were.
 "Q. Did they testify during the Preliminary Hearing at all?
"A. One of them did.
 "Q. Did, did any such testimony as you heard today come out at that time?
"A. No sir, it did not.
"MR. YOUNG: That's all."
The appellant's sole contention is that the trial court erred in allowing Detective Smith to testify about the preliminary hearing because the appellant was not represented by counsel at that critical stage of the proceedings. Cordle v. State,53 Ala. App. 148, 298 So.2d 77, cert. denied, 292 Ala. 717,298 So.2d 85 (1974). The State contends that the appellant waived counsel at the preliminary hearing. In the alternative, the State contends that if the appellant did not waive counsel at the preliminary hearing, then the trial judge committed mere harmless error in allowing Detective Smith to testify.
It is unnecessary for us to discuss the State's contentions. It is elementary that in order for this Court to review an alleged erroneous admission of evidence at a court below, a timely objection must be made to the introduction of the evidence; specific grounds for the objection should be stated, and; a ruling on the objection must be made by the trial judge.
When Detective Smith was first called as a witness and was asked questions concerning the preliminary hearing, the defense counsel made a general objection and asked to approach the bench. The record discloses a "discussion off the record" took place after which the court stated, "Overruled."
Later, on cross-examination, the defense established that appellant was not represented by counsel at the preliminary hearing, but no motion was made to exclude the testimony of Detective Smith on that ground. We do not know what ground for objection, if any, was related to the trial court during the off-the-record discussion. The record is completely silent in this regard.
As to the above quoted testimony of Detective Smith of which appellant complains to this Court, we find no objection was raised to any of the three questions, and no motion to exclude was made after the answers were given. We, therefore, have nothing to review. Daniels v. State, 53 Ala. App. 666,303 So.2d 166 (1974); 7 Alabama Digest, Criminal Law, 1028, 1029 and 1030.
AFFIRMED.
All the Judges concur. *Page 450