DeCARLO, Judge.
Driving while license revoked; $500.00 fine, thirty days sentence.
This is an appeal from a conviction by the Jefferson Circuit Court, after a trial de novo consisting of a non-jury trial before a judge, wherein the appellant appealed his conviction from the Municipal Court of Mountain Brook for driving while license revoked or suspended. In the Municipal Court, the appellant was convicted and was fined five hundred dollars and sentenced to thirty days in jail.
The matter is before this Court for review on the record, which contains (1) the *1231 transcript of evidence of a hearing held on February 14, 1979, with a motion directed to the Circuit Court of Jefferson County “to set aside the plea of guilty entered by the defendant on the fifth day of February;” (2)an appeal bond to the Jefferson County Circuit Court securing the appeal of the conviction for driving while license revoked on November 8, 1978; (3) an “Alabama Uniform Traffic Ticket and Complaint” showing the violation of “driving while license or privilege revoked” by the appellant; (4) an affidavit from Major Harold J. Hammond, Chief of Drivers License Division of the State of Alabama, showing that Jewell Harris Chapman’s license was revoked or suspended on August 8, 1976, and indicating that the revocation or suspension was in effect at the time of the above violation; (5) the records of the State of Alabama Department of Public Safety on Jewell Harris Chapman, Jr., containing traffic violations by the appellant; (6) a motion to set aside a guilty plea filed in open court, February 13, 1979, on behalf of the appellant, Jewell Harris Chapman, Jr.; (7) a certificate of service by appellant’s counsel showing service of the Motion on the Honorable Carlos E. Heaps; (8) an affidavit by Ralph Jeffery Bolen, a duly licensed practicing attorney in Jefferson County, who represented the appellant in the trial de novo in the Jefferson County Circuit Court; (9) an affidavit by the appellant wherein he states that he had entered a plea of guilty to the offense of driving while license revoked and received a thirty-day sentence and a five-hundred dollar fine, wherein he claims that, at the time of his plea of guilty, he was not informed by the court of his constitutional rights; (10) the judgment entry by the Honorable Charles M. Nice, the presiding judge, showing the progress and disposition of the case against the appellant; (11) the appeal bond showing an appeal from the judgment of conviction of driving while license revoked or suspended by the Jefferson County Circuit Court to this Court.
The transcript of evidence on the motion to set aside the guilty plea relates the trial judge’s subsequent order-overruling that motion, which is not an order ap-pealable to this Court. Appeal in criminal convictions can be taken from a judgment of conviction only. Vick v. State, 156 Ala. 669, 46 So. 566; Harris v. State, 44 Ala.App. 632, 218 So.2d 285; Hughes v. State, 45 Ala.App. 250, 228 So.2d 862.
However, we have reviewed this record in the light of the judgment of conviction on February 5,1979, with regard to the appellant’s contention that “[t]he ultimate fact concerning this appeal is that there was no determination by the court [that] the Appellant knew he was waiving a jury trial.”
The appeal bond to the Jefferson County Court showed that the appellant had requested a jury trial at his trial de novo. However, with the limited record before us, we are unable to find any objection at trial to the consideration of this matter by a judge without the intervention of a jury.
Matters not objected to at trial court level cannot be considered for the first time on appeal, because review on appeal is limited to those matters where there has been a ruling adverse to the appellant. Daniels v. State, 53 Ala.App. 666, 303 So.2d 166; Shiver v. State, 49 Ala.App. 615, 274 So.2d 644; Cooper v. State, Ala.Cr.App., 331 So.2d 752. Further, in Harris v. State, Ala.Cr.App., 347 So.2d 1363, this Court stated:
“Even constitutional rights have to be raised seasonably in the trial court in order to be considered on appeal. . .”
The judgment entry of the appeal before Hon. Charles M. Nice reads, as follows:
“This the 5th day of February, 1979, came Carlos Heaps, who prosecutes for the City of Mountain Brook, and also came the defendant in his own proper person and by attorney, Ralph Bolen, and this case is presented on stipulation of facts by said parties. This case being duly considered by the Court, the Court finds that the defendant is guilty of driving while license revoked. It is the judgment of the Court that said defendant is *1232 guilty of driving while license revoked and that the defendant pay a fine of $500.00 and costs of court in this cause. “It is further considered, ordered, adjudged and decreed by the Court that the defendant be sentenced to 30 days in Mountain Brook City Jail. The sentence shall begin February 7, 1979, at 12:00 Noon.”
The judgment entry “speaks absolute verity.” Keaton v. State, 280 Ala. 140, 190 So.2d 694. In reviewing the foregoing portion of the Jefferson County Circuit Court’s judgment entry, we find that the appellant was found guilty under a stipulation of the facts by the parties submitted to the trial judge for his consideration.
It is difficult for this Court to understand how parties can make a stipulation of facts before a judge for his consideration and still argue that there was no waiver of a trial by jury. It is inconsistent for the parties, on one hand, to stipulate the facts for the court’s consideration and then, on the other, to demand a trial by jury.
Therefore, because no objection was raised to the appellant’s trial without a jury at the time of the disposition of this case, on February 5, 1979, and considering the content of the judgment entry by the presiding judge, we are of the opinion that the judgment of conviction by the Circuit Court of Jefferson County must be affirmed.
AFFIRMED.
All the Judges concur.