' LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty on a trial on an indictment that charged in pertinent part that he:
“... did, in the course of committing a theft of assorted controlled substances, a better description of which is unknown to the Grand Jury, taken from or in a pharmacy, the property of Thomas Babington and/or Tina Carothers, use force against the person of the owner, or any person present, Thomas Babington and/or Tina *553 Carothers, with the intent to overcome his/her physical resistance or physical power of resistance or threaten the imminent use of force against the person of the owner, or any person present, Thomas Babington and/or Tina Carothers, with the intent to compel acquiescence to the taking of or escaping with the property, while the said Ronald J. Fitz ... was armed with a deadly weapon or dangerous instrument, to-wit: a pistol, in violation of Section 13A-8-51 of the Code of Alabama....”
Section 13A-8-51 of the 1975 Code of Alabama constitutes a codified section of Acts 1982, No. 82-434, which Act is now codified and provides as follows:
“§ 13A-8-50 Short title.
“This article shall be known and cited as ‘The Pharmacy Robbery Act of 1982.’ “§ 13A-8-51. Definitions.
“When used in this article, the following words and phrases shall have the following meanings, respectively, unless the context clearly indicates otherwise:
“(1) Pharmacy. Any building, warehouse, physician’s office, hospital, pharmaceutical house or other structure used in whole or in part for the sale, storage and/or dispensing of any controlled substance as defined in section 20-2-2 as amended.
“(2) Pharmacy Robbery. A person commits the offense of ‘pharmacy robbery’ under this article if in the course of committing a theft of any controlled substance as defined in section 20-2-2 such person violates section 13-8-41.
“§ 13A-8-52. Penalty for Violation of Article.
“(a) Upon conviction of the criminal offense of ‘Pharmacy Robbery’ as defined in section 13A-8-51(2), the offender shall be imprisoned at hard labor for not less than 10 years nor more than 99 years and shall be ineligible for consideration for parole, probation or suspension of sentence.
“(b) On a second or subsequent conviction under this article, the offender shall be imprisoned for the remainder of his natural life and shall be ineligible for consideration of probation or suspension of sentence.”
The evidence was undisputed that two persons committed the robbery as charged in the indictment, but there was a conflict in the evidence as to whether this appellant was one of the robbers. No issue is presented on appeal as to whether the evidence was sufficient to present a jury question as to appellant’s guilt, and we find it unnecessary to set forth in this opinion any of the evidence presented on the trial other than that which may pertain to any of the three issues presented by appellant, which we now consider.
I.
The following is the caption of the first issue as found in appellant’s brief:
“WHETHER THE COURT ERRED IN ADMITTING TESTIMONY CONCERNING OTHER CRIMINAL ACTS BY APPELLANT TO ESTABLISH MOTIVE.”
In response to the first issue presented in appellant’s brief, the following argument, inter alia, is made in the brief of counsel for appeilee:
“On rebuttal, after the defense had rested its case, the State offered testimony that appellant was arrested for possession of drugs approximately four months after the drugstore robbery. Appellant did not object to the introduction of the evidence when it was offered.
“It is well settled law in Alabama, that matters which are not objected to at trial cannot be considered on appeal. Chapman v. City of Mountain Brook, 373 So.2d 1230 (Ala.Cr.App.1979); Speigner v. State, 389, [369] So.2d 39 (Ala.Cr.App.1979), writ denied, Ex parte Speigner, 369 So.2d 46. In the present case, there was no objection made at trial and thus no specific ruling adverse to Appellant for this Court to review.”
What we have quoted from the briefs of counsel for the opposing parties indicates that there is some disagreement between them as to what the second issue is, but we *554 find from each of their briefs that there is no genuine difference between them as to the ruling of the trial court as to defendant’s Motion in Limine, which alleged in one of the paragraphs thereof:
“The Defendant believes and hence alleges that at the said trial the State will attempt to introduce evidence, make reference to or otherwise leave the jury with the impression that the Defendant has been involved as a perpetrator, and subsequently convicted in previous cases charging the Defendant with the offenses of armed robbery and possession of drugs and other possible acts of Defendant completely unrelated to nor tending in any way to prove the offense at Bar, other than to place Defendant’s character in issue.”
At the conclusion of the argument on the motion in limine, the trial court ruled as follows:
“All right. Well, with regard to his prior convictions, I do not believe and the State concedes that those are not admissible, but I think the other matters are probably relevant with the proper instructions from the Court.”
The following is a part of the Court’s oral charge to the jury:
“Now, during the trial of this case, I have given you what is referred to as certain limited instructions. The testimony with regard to the Defendant’s possession of other controlled substances or drugs, testimony with regard to his drug problem was put before you merely as to bear on the question of motive in this case, and that is the only matter for which they are before you in this case, and that is the only reason you can consider those facts in this case.”
We disagree with the contention of attorneys for appellee that by the failure of defendant to object to the introduction in evidence of the fact that subsequent to the pharmacy robbery defendant possessed illegal drugs, defendant failed to preserve his right to review the action of the trial court in permitting the introduction of such evidence. We think the issue was preserved for review by the ruling of the trial court on defendant’s motion in limine. Nevertheless, none of the cases cited by appellant is in support of his position on the issue as to the admissibility vel non of such evidence, including Christian v. City of Tuscaloosa, 53'Ala.App. 81, 297 So.2d 405 (1974), involving a prosecution for possession of burglary tools, in which it was stated at 297 So.2d 409:
“We are of the opinion that the evidence of defendant’s addiction to or use of drugs amounted, in effect, to an attack on his character by proof of a specific course of improper conduct which, of course, is not permissible. 1 McElroy, Law of Evidence in Alabama, § 26.01, p. 25 (2d Ed.)

“We are of the opinion that error to the substantial injury of defendant was committed in admitting, over the objections of defendant, evidence as to his prior use, addiction to, and connection with drugs and that the judgment should be reversed and the cause remanded for another trial.”
We would hold again, as we did in Christian v. City of Tuscaloosa, if the particular evidence in the instant case had no more than “a glimmer of probative value” tending to show defendant’s motive in committing the pharmacy robbery or his intent. The fact that defendant was guilty of possession of controlled substances some four months after the pharmacy robbery constituted, in our opinion, strong evidence of defendant’s intent to acquire by theft, and his motive for acquiring by theft, some controlled substances within the building where the pharmacy was located.
II.
By the second issue presented in brief of counsel for appellant, a contention is made that the trial court erred in refusing to suppress the in-court identification testimony of Tina Carothers. The issue is well argued, pro and con, by the attorneys for the appellant and the attorneys for appellee respectively. The motion *555 to suppress was based upon the anticipated in-court identification of the defendant by the witness Tina Carothers, who, according to the statement of the facts contained in brief of counsel for appellant:
"... had been working the front checkout counter at the same drug store on the evening of July 9, 1983 (R. 61). She first noticed that there was a robbery in progress as she was going to the back of the store to finish her paper work for the day, at which time she returned to the front of the store and attempted to phone the police. According to her testimony, she was prevented from making any calls by the man in front of the store (R. 63-64). The witness positively identified the Appellant as having been the man who stopped her from calling for help (R. 67-78), although she admitted at the conclusion of her cross-examination that she could possibly be mistaken.”
The following is the last question to, and the answer of, the witness Carothers on cross-examination by defendant on the trial of the case:
“Q. Ms. Carothers, it is possible — possible — that you could be mistaken about this identification, isn’t it?
“A. Mistakes are human, yes.”
We are inclined to agree with appellant’s counsel that the line-up at which Una Car-others identified the defendant as one of the robbers was impermissibly suggestive, but we agree with counsel for appellee that the in-court identification of the witness was independent of the extrajudicial identification and for that reason her in-court identification was admissible, as was held in Matthews v. State, 361 So.2d 1195 (Ala.Cr.App.1978). Ms. Carothers’s in-court identification of the defendant is partly shown by some of the transcript of her testimony as follows:
“Q. Now, the man that was in the front, who stopped you from calling, did you have an opportunity to observe him?
“A. Quite closely.
“Q. And did you notice details about his face and person?
“A. Mostly about his facial structure.
“Q. Do you see the man who was in front with you during the robbery in the Courtroom today?
“A. Yes, I do.
“Q. Would you point him out for the jury?
“A. Mr. Fitz.
“Q. The man seated here next to Mr. Branchard?
“A. Yes, in the burgundy sweater.
“MS. BROOKS: Let the Record reflect that she has identified correctly the Defendant.
“Q. Ms. Carothers, how is it today, some months later from the robbery, that you can recognize this man as the robber?
“A. The eyes, the structure of his face.
“Q. Does he look exactly the same today as he did then?
“A. Oh, no.
“Q. Tell us what is different about him.
“A. The hair is lighter than I remembered, but the night of the robbery the hair was also covered for the most part. Only a few little strands in the back could be seen underneath the hat that he was wearing. And at the time of the robbery, he had a beard.
“Q. I’ll ask whether or not there is any doubt in your mind as to whether or not the Defendant was the one in the front at the time of the robbery?
“A. There is no doubt.
“Q. Have you ever identified anybody else as the man in the front?
“A. No, ma’am.”
We conclude as to the present issue under consideration that in accordance with Dill v. State, 429 So.2d 633, 635 (Ala.Cr.App.1982), cert. denied, 429 So.2d 633 (Ala.1983), and Brazell v. State, 369 So.2d 25, 29 (Ala.Cr.App.1978), cert. denied, 369 So.2d 31 (Ala.1979), the in-court identification of the defendant by the witness Ms. Carothers was admissible.
III.
The last issue presented in brief of counsel for appellant pertains to the extent of *556 the sentence, life imprisonment without parole, which the court imposed after the State had given due notice by motion that the Habitual Felony Offender Statute would be invoked by reason of three prior felony convictions in Stanislaus County, California. At the sentencing hearing, defendant objected to the use of each of the previous convictions as a basis for the application of the recidivist law. Counsel for appellant now contends that only two of the previous convictions were shown by sufficient evidence and that the trial court was limited in the punishment it could impose to “imprisonment for life or for any term of not less than 99 years,” as provided by Alabama Criminal Code, § 13A-5-9(b)(3), applicable to the conviction of a Class A felony when the defendant has been previously convicted of two felonies. Counsel for appellant argues that the evidence offered by the State was not sufficient to show that defendant had been previously convicted of one of the felonies in California. Appellant’s attorney contends that as to one of the convictions “the certificate of judgment from California offered by the State was not properly authenticated and certified as required by law, particularly the second sentence of Ala. Code, § 12-21-70, pertaining to the authentication of the records of judicial proceedings in other states, which reads:
“The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form.” (Emphasis supplied).
We agree with counsel for appellant that as to one of the three judgments of conviction in California there is no certificate of the judge, chief justice, or presiding magistrate that the said attestation is in due form. Nevertheless, we agree with counsel for appellee that as to the appellant’s conviction in California challenged by appellant, the evidence was sufficient to constitute proof thereof and required the conclusion by the court that it constituted one of three previous felony convictions that mandated the sentence imposed. We agree also with the reasoning set forth by counsel for appellee as to the point, which we state in the next paragraph of this opinion.
The provision of Code of Alabama, 1975, § 12-21-70, relied upon by counsel for appellant, was no longer applicable at the time of the judgment of sentence in the instant case. It had been superseded in its application to trials in civil cases by Rule 44, A.R.C.P. Alabama Criminal Code, § 13A-5-10 provides, “The court may conduct a hearing upon the issue of whether a defendant is a repeat or habitual offender under Section 13A-5-9, according to procedures established by rules of court.” Rule 6(b)(3)(iii), A.R.Cr.P. provides:
“At the hearing the burden of proof shall be on the state to show that the defendant has been convicted of a previous felony or previous felonies. Disputed facts shall be determined by the court by a preponderance of the evidence. Evidence may be presented by both the state and the defendant as to any matter the court deems relevant to the application of the law. The state or the court may examine the defendant under oath at the hearing as to relevant matters. If at the hearing the defendant disputes any conviction presented by the state, the court may allow the state to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court.”
The precise question now before us was not before this Court in Crittenden v. State, 414 So.2d 476 (Ala.Cr.App.1982), but enough is said therein to show that the statute relied upon by appellant, Code of Alabama, 1975, § 12-2-70, is not controlling, specifically the following excerpt from Crittenden, 414 So.2d 481-82:
“Rule 6 of the Alabama Rules of Procedure states that the burden of proof is on the state to prove a previous felony conviction. This Court has held that a proper method in proving such a prior convic *557 tion is the introduction of a certified minute entry. Hope v. State, Ala.Cr.App., 381 So.2d 676 (1980). Therefore the trial court properly considered the offered minute entry as proof of a prior conviction. Any possible error in accepting into evidence the contested minute entry was rendered harmless by the Circuit Clerk’s testimony which corrected any error or confusion found in the entry. Rule 45, A.R.A.P.”
The judgment of conviction and sentence should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.