Sandy J. Darby was indicted for theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975. She was found "guilty as charged" in the indictment and sentenced to one year and one day in prison. The appellant presents two issues on appeal.
 I
Appellant contends that the trial court erred in allowing the State to strike two black jurors from the jury venire in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). The record reveals that there were three black jurors on the jury venire and that one of them sat on the jury. The record indicates that the State struck two of the black jurors because they both had a prior criminal conviction and they were both approximately the same age as this appellant. The record indicates that the black juror who sat on the panel was not close to the appellant's age. The record further reveals that the State also struck a white juror who was approximately the appellant's age. The prosecutor stated that the State struck all of the jurors but two who were the same age as the appellant. The reason these two jurors were not struck by the State was because the State ran out of strikes.
Strikes based on prior criminal convictions are not racially discriminatory in nature as such and have been held to be race neutral. Ward v. State, 539 So.2d 407 (Ala.Crim.App. 1988);Bryant v. State, 516 So.2d 938 (Ala.Crim.App. 1987). The reasons given by the State must be nondiscriminatory and relate to the particular case to be tried. Ex parte Branch,526 So.2d 609 (Ala. 1987); Johnson v. State, 512 So.2d 819
(Ala.Crim.App. 1987). Challenges to non-black jurors which are made for the same or similar characteristics as black jurors are evidence of neutrality that may *Page 119 
overcome the presumption of discrimination. Ward. Branch.
Furthermore, the reasons given for striking a juror are not required to be equivalent to a challenge for cause. Ward.Johnson. An appellate court "may only reverse the trial judge's determination that the prosecution's peremptory challenges were not motivated by intentional discrimination if that determination is clearly erroneous." Branch, 526 So.2d at 625
(citation omitted). We find that the reasons given for the peremptory strikes were based on considerations other than race and the trial court did not err in so ruling.
 II
The appellant next contends that the trial court erred in admitting evidence concerning a worthless check which the appellant gave to the victim for payment of rent. The appellant makes several allegations as to why this evidence was improperly admitted.
Among these are the appellant's argument that she was forced to answer an accusation for which she had no notice and that the evidence was inadmissible evidence of character or reputation. The appellant also argues that the trial court erroneously admitted testimony concerning a missing ceiling fan that was not listed in the indictment. We have considered the record and all of appellant's arguments carefully and have determined that none of these arguments have merit.
The facts reveal that the appellant rented an apartment from Dale Murray for $400 a month. Her rent was due on the first day of each month. Murray testified that the appellant paid him by check on October 11, 1987, and that the check was returned "account closed". He testified that the appellant gave him an explanation that "did not make any sense" and she told him that she would pay him when she was paid on the 30th. Murray testified that he went to see the appellant twice on the 30th and she did not have the money. He stated that he saw her the next day and she claimed that she had a $1000 check and that the grocery store would not cash it but she would pay him as soon as she cashed it. Murray informed her that Central Bank was open on Saturday mornings but the appellant made several excuses for being unable to go to this bank. She also promised to pay him by 6:00 p.m. and agreed to move out by Monday. Murray testified that he went to her apartment on Sunday morning but the appellant was not there. He received a note from her on Sunday stating that she would move out by Monday and he could come by her place of employment on Monday and pick up the keys and the rent. Her belongings were still at the apartment on Sunday morning. Murray testified that she was not at the apartment on Monday morning and it appeared that she had moved out. He used his pass key and found the appellant's keys on the floor. He testified that the washer and dryer he provided for the apartment were missing and a ceiling fan had been ripped out of the den.
The appellant filed a motion in limine prior to the beginning of trial asking the court to disallow any testimony concerning the worthless check. The trial judge denied the motion and stated that his ruling was strictly a ruling on the motion. In order to preserve the adverse ruling for appellate review, the movant must object to the evidence when the evidence is introduced at trial and assign specific grounds for objection at that time. Liberty National v. Beasley, 466 So.2d 935 (Ala. 1985). The record indicates that, when the worthless check testimony was first brought out at trial, the appellant's counsel raised his "general objection as to any statements concerning the check." Specific objections are necessary in order to preserve error. Reeves v. State, 456 So.2d 1156
(Ala.Crim.App. 1984); Wyrick v. State, 409 So.2d 969
(Ala.Crim.App. 1981); Gibbs v. State, 342 So.2d 448 (Ala.Crim.App. 1977). A general objection is not sufficient to preserve an issue for review. Reeves. Furthermore, when an objection is made after the question is answered, the objection is too late and the trial court's ruling will not be considered error without a motion to exclude and an adverse ruling. Reeves.Hooper v. State, 448 So.2d 501 (Ala.Crim.App. 1984); Thomasv. State, 440 So.2d 1216 *Page 120 
(Ala.Crim.App. 1983). The record indicates that no objection was made to the testimony until after the witness answered the first question concerning the worthless check.
Even if the appellant had properly preserved error, we find that the evidence was properly admitted. "[I]f the defendant's collateral misconduct is relevant and tends to show his commission of the current offense other than by suggesting that he is more likely to be guilty because of his past misdeeds, then the evidence is admissible." Brewer v. State,440 So.2d 1155 (Ala.Crim.App. 1988). We find that the testimony concerning the worthless check and the events that transpired prior to the theft of property constitute proof that the appellant committed the charged offense. Evidence of prior misdeeds may also be admitted to show motive. Brewer. Lucy v.State, 340 So.2d 840 (Ala.Crim.App.), cert. denied,340 So.2d 847 (Ala. 1976). "[M]otive is employed to define the feeling or passion of the accused which propelled him towards the commission of the charged crime." Lucy, 340 So.2d at 846. We find that the testimony was also properly admitted to show motive.
The appellant contends that the trial court erred in admitting testimony concerning the missing ceiling fan. The record indicates that the appellant did not object to the admission of this evidence when it was elicited at the trial and, therefore, he failed to preserve error. See Fuller v.State, 472 So.2d 452 (Ala.Crim.App. 1985); Gibbs v. State,342 So.2d 448 (Ala.Crim.App. 1977). Even if the error had been properly preserved, "testimony that in addition to articles in the indictment there had also been taken certain other articles is admissible as part of the res gestae." Colev. State, 352 So.2d 17, 19 (Ala.Crim.App.), cert. denied,352 So.2d 20 (Ala. 1977).
For the reasons stated above, this case is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.