TYSON, Judge.
Willie Edward Billingsley was indicted by a Tuscaloosa County grand jury on charges of murder in violation of § 13A-6-2, Code of Alabama 1975. A petit jury found the appellant “guilty of murder.” He was sentenced to life imprisonment in the state penitentiary.
The appellant and his girlfriend, Ethyl Minor, went to Barr’s Quarters, a shot house, in Tuscaloosa, Alabama. While there, Ethyl and a man, thought to be the victim, got into an argument, and he called Ethyl a “bitch”. Ethyl and the appellant then returned to Ethyl’s apartment.
*1364 A group including Hughey Minor, Jessica Peoples, Eric Colvin, Yolanda Minor, and Jerry Edwards was at Ethyl’s apartment to play cards. The appellant was upset over the argument at the shot house. He proceeded to get his shotgun and asked Eric if he had any shells. The members of the group followed the appellant back to Barr’s Quarters.
Shortly thereafter, several members of the group testified that the appellant was standing behind a bush near the side of the house, with a gun. When the victim walked up on the porch, the appellant called out “Boleo.” When the victim turned around, the appellant fired one shot at him, killing the victim. All the members of the group testified that they did not see anyone else at the shot house with a gun other than the appellant.
Firearms expert David Higgins testified that he had examined samples taken from this appellant and from the gun and found on each of the swabs from the appellant’s hands and the cartridge of the gun the presence of barium and antimony at a level consistent with a weapon being fired.
The appellant testified that he did not commit the crime. The appellant admitted that he was at Barr’s Quarters. However, he claims he did not have a gun. He claims he was near the bushes using the bathroom.
I
The appellant first contends that the trial court’s refusal to provide him with an investigator at the State’s expense amounted to a deprivation of his constitutional rights. In support of this contention the appellant argues he is indigent, that he is in need of an investigator that can infil- • trate the community, and that his counsel had a limited amount of time to devote to interviewing potential witnesses.
In this case the State’s evidence was virtually undisputed, as five eyewitnesses testified that they saw the appellant shoot the victim. The appellant claims that he was at the scene, but that he did not shoot the victim. However, the State presented evidence that gunpowder was on the appellant’s hand.
We can find no evidence of abuse in the trial judge’s discretion. The trial court’s refusal to provide the appellant with a criminal investigator at State expense was proper; we therefore affirm his ruling denying funds to hire an investigator. Willis v. State, 441 So.2d 1030 (Ala.Cr.App.1983); see also Duren v. State, 507 So.2d 111, 119 (Ala.Cr.App.1986), aff’d Ex parte Duren, 507 So.2d 121 (Ala.1987), cert. denied, 484 U.S. 905, 108 S.Ct. 249, 98 L.Ed.2d 206 (1987).
II
The appellant alleges that his trial counsel was ineffective for failing to have an in-chambers hearing transcribed and placed in the record on appeal. The appellant failed to cite any legal authority in support of this assertion of error. In his brief on appeal, the appellant makes a motion for remand to complete the record; however, this motion should have been filed in the trial court. A silent record supports a judgment. Robinson v. State, 444 So.2d 884 (Ala.1983).
Likewise, the ineffective assistance of trial counsel claim should have been raised in a motion for a new trial. Heath v. State, 485 So.2d 1226 (Ala.Cr.App. 1986). Where an ineffective assistance of counsel claim is raised for the first time on direct appeal, this court cannot determine the merits of the claim without a record bearing on the merits of the allegations. Dossey v. State, 489 So.2d 662 (Ala.Cr.App.1986).
III
The appellant’s counsel states that he has searched the record and that he has not been able to find any other meritorious issues to present in his brief. He requests that this court review the record to determine whether there are any other issues that should be considered on appeal.
This issue is procedurally barred. As stated by this court in Calhoun v. State, 530 So.2d 259 (Ala.Cr.App.1988):
*1365 “Matters not objected to in the trial court cannot be considered for the first time on appeal, since review on appeal is limited to those matters on which rulings are invoked at nisi prius. Biddie v. State, 516 So.2d 846 (Ala.1987); Harris v. State, 347 So.2d 1363 (Ala.Cr.App.1977); cert. denied, 347 So.2d 1368 (Ala.1977); Daniels v. State, 53 Ala.App. 666, 303 So.2d 166 (1974). The plain error doctrine applies only to death cases. Biddie v. State, supra; Harris v. State, supra. Even constitutional rights have to be raised seasonably in the trial court in order to be considered on appeal. Fuller v. State, 269 Ala. 312, 113 So.2d 153 (1959), cert. denied, 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (1960); Harns v. State, supra. Even those matters which result in ineradicable harm must at least be called to the attention of the court by a motion for a new trial. Harris v. State, supra.”
530 So.2d at 262.
For the reasons shown this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.