Sean Delong Wilson, the appellant, was convicted of robbery in the first degree and was sentenced to serve 22 years' imprisonment. He raises two issues on this direct appeal from that conviction.
 I.
The appellant contends that the trial court committed reversible error by allowing the prosecutor to ask defense witness Patrick Haywood on cross-examination about the appellant's use of marijuana. Drugs played no part in this offense, and there had been no testimony regarding drug use before the prosecutor's cross-examination of Haywood.
The appellant was charged with robbing Denise M. Hardisty of "one ladies wallet and contents thereof." C.R. 5. The victim testified that the robbery occurred in the parking lot of the Western Hills Mall. Haywood testified that he and the appellant had been at the mall on the day the robbery occurred but he testified further that when they returned to the appellant's residence from the mall, they discovered "a whole lot of papers, credit cards, receipt, bills, . . . all over the alley" near the appellant's residence. R. 88.
On cross-examination of Haywood, the following occurred:
 "Q. Sometime during that 30-minute period [between 4:30 and 5:00 p.m.] you were [at the Western Hills Mall with the appellant]. How much marijuana had you and [the appellant] smoked that day?
"MR. BURNS [defense counsel]: Judge, I object.
"THE COURT: Overruled.
"A. Ask again?
 "Q. Yes. How much marijuana had you and [the appellant] smoked that afternoon?
"A. None.
 "Q. It is your testimony neither one of you were in possession of marijuana?
"A. Yes.
"MR. BURNS: Judge, I object.
"THE COURT: Sustain the objection."
R. 107-08.
We condemn the prosecutor's question regarding the use of marijuana as an improper attempt to show bad character on the part of the appellant. "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character. . . ." C. Gamble, McElroy's Alabama Evidence, § 69.01(1) (4th ed. 1991).
Although defense counsel made only a general objection to the question, that objection was sufficient to preserve the issue for appellate review.
 "Properly interpreted, the most popular and current test would seem to be as follows: A general objection if overruled is sufficient to present for review on appeal the point that the evidence admitted was violative of a specific rule if such evidence is illegal and, according to the common probabilities of experience, there is a fair likelihood that such evidence cannot be made legal by the introduction of other evidence or by otherwise framing the inquiry made to the witness."
McElroy at § 426.01(10). See also Ex parte Works,640 So.2d 1056 (Ala. 1994) (" 'Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error.' "); Ex parte Childers, 640 So.2d 16 (Ala. 1994) ("[T]he general objection [defense counsel] made would have sufficed to preserve this issue [constitutionality of ordinance] for review, because the ordinance was illegal for any purpose and could not be made legal by supplying additional evidence").
We note that the appellant's second objection was made after the witness had answered. "[W]hen an objection is made after the question is answered, the objection is too late and the trial court's ruling will not be considered error without a motion to exclude and an adverse ruling." Darby v. State,601 So.2d 117, 119 (Ala.Cr.App. 1989).
Here, the witness answered the question in the negative and denied that he and the appellant had used any marijuana on the day of the offense. After reviewing the entire record we conclude that "the jury's verdict *Page 1121 
was based on the overwhelming evidence of guilt and was not based on any prejudice," Ex parte Crymes, 630 So.2d 125, 126
(Ala. 1993), resulting from the reference to marijuana use. The victim positively identified the appellant as the robber. She testified that "[the appellant's] face was right in front of [hers]" for the duration of the robbery, which she believed lasted at least four minutes. R. 16. The victim spontaneously identified the appellant when she saw him walk into the police station. Under these circumstances, we find that the error in permitting the prosecutor to ask the question over defense counsel's objection was harmless.
 " 'No judgment may be reversed or set aside, nor a new trial granted in any . . . criminal case on the ground of . . . the improper admission . . . of evidence, . . . unless in the opinion of the court to which the appeal is taken or application is made, after examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.' "
Ex parte Crymes, 630 So.2d 125, 126 (Ala. 1993) (emphasis added [in Crymes]). See also Rule 45, A.R.App.P.
 II
The trial court did not abuse its discretion in refusing to grant the appellant's request for a mistrial based upon the prosecutor's comment during closing argument.
At the conclusion of closing arguments, outside the presence of the jury, the following occurred.
 "MR. TINDLE (defense attorney): Judge, we make a motion for a mistrial based on the prosecutor stating during closing argument, that 'when a person takes the witness stand that I can bring out all their prior felony convictions.' Now, you think about that when someone is inferring, in other words, when someone [doesn't] take the witness stand inferring on this defendant here that if he — that is why he hasn't taken the stand. A direct inference that is why he hasn't taken the stand, because he has got prior felony convictions or something.
 "And if that wasn't directly alluding to that, to point that out to the jury I've never seen it done more swiftly.
 "MR. GOODWYN (prosecutor): Judge, if I may answer, if you want me to answer.
"THE COURT: Yes.
 "MR. GOODWYN: I was merely addressing Mr. Burns's comment that he vouches for his witnesses. And if Mr. Haywood had a conviction I would have brought it out. And that is in fact what I said. That is correct, if Mr. Haywood had a conviction I would have brought it out. I'm not hiding anything. I'm being perfectly candid. I made no inference as to the defendant having any prior conviction.
 "MR. TINDLE: Last word he told the jury was 'Think about that'.
 "THE COURT: The record, of course, does not reflect the argument in its entirety. But, I think the record does reflect what each counsel said about what was said.
 "I don't think that is necessarily the inference Mr. Goodwyn was trying to draw. I deny your motion for a mistrial. Give you an exception." R. 133-35.
 " 'It is a well-decided rule of this court that the granting of a mistrial is an extreme measure and should be taken only when it is manifestly necessary or when the ends of justice would otherwise be defeated. Hagood v. State, 588 So.2d 526 (Ala.Cr.App. 1991), cert. denied, Martin v. Alabama, [504] U.S. [911], 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Moreover, "the trial judge is allowed broad discretion in determining whether a mistrial should be declared because he is in the best position to observe the scenario, to determine its effect upon the jury, and to determine whether a mistrial should be granted." Garrett v. State, 580 So.2d 58
(Ala.Cr.App. 1991).' "
Stone v. State, 641 So.2d 293 (Ala.Cr.App. 1993).
" 'When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge.' Ballard v. State, 236 Ala. 541, 542, 184 So. 260
(1938)." Thomas v. State, 555 So.2d 1183, 1184 (Ala.Cr.App. 1989).
The entire closing argument of the prosecution is not contained in the record on *Page 1122 
appeal. " 'The burden is on the appellant to make sure the record is correct and complete.' Sanders v. City of Birmingham,542 So.2d 325, 327 (Ala.Cr.App. 1988)." Adams v. State,585 So.2d 156, 157 (Ala.Cr.App. 1990), reversed on other grounds,585 So.2d 161 (Ala. 1991). "We cannot review facts that are not shown on the record." Carroll v. State, 599 So.2d 1243, 1244
(Ala.Cr.App. 1992). Without the entire closing argument to review, we are compelled to accept the trial court's ruling that the appellant's objection does not correctly reflect the "inference [the prosecution] was trying to draw." R. 135.
Furthermore, we note that the request for a mistrial appears to have been untimely. To be timely, a motion for a mistrial must be made "immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial." Ex parte Marek, 556 So.2d 375, 379 (Ala. 1989). The motion is untimely if it is not made until the conclusion of the witness's testimony or counsel's argument. Menefee v.State, 592 So.2d 642, 647 (Ala.Cr.App. 1991); Robinson v.State, 584 So.2d 533, 538-39 (Ala.Cr.App.), cert. quashed,584 So.2d 542 (Ala. 1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.